Cynthia L. Walker
Shelby K. Towe
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Phone:  (406) 543-6646
Fax:      (406) 549-6804
cwalker@boonekarlberg.com
stowe@boonekarlberg.com
*Attorneys for Defendant J.P. Gallagher*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA; ADRIA JAWORT; RACHEL CORCORAN; MONTANA BOOK COMPANY; IMAGINE BREWING COMPANY, LLC d/b/a IMAGINE NATION BREWING COMPANY; MONTANA PRIDE; BUMBLEBEE AERIAL FITNESS; THE WESTERN MONTANA COMMUNITY CENTER; THE GREAT FALLS LGBTQ+ CENTER; THE ROXY THEATER; and THE MYRNA LOY, | CV 23-50-BU-BMM |
| Plaintiffs, | |
| v. | **DEFENDANT J.P. GALLAGHER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| AUSTIN KNUDSEN; ELSIE ARNTZEN; J.P. GALLAGHER; and THE CITY OF HELENA, | |
| Defendants. | |

Defendant J.P. Gallagher ("Gallagher") responds as follows to Plaintiffs' First Amended Complaint:

## INTRODUCTION

1.      Paragraph 1 is vague because it does not identify the specific bill referred to.  To the extent Paragraph 1 refers to House Bill 359 ("HB 359"), Gallagher admits that during the 2023 Legislative Session the Montana Legislature passed HB 359.  Gallagher lacks sufficient knowledge or information as to the intent and/or motive underlying HB 359 and affirmatively states HB 359 speaks for itself.

2.      Paragraph 2 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

3.      Paragraph 3 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself and admits that Montana Code Annotated § 45-8-201 pertains to the criminal offense of obscenity and includes a definition of what is considered "obscene" under Montana law.

4.      Paragraph 4 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

5.      Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 5 concerning the drafting of HB 359 and any prior versions, the intent and/or motive underlying HB 359, and drag bans recently struck down elsewhere.

## JURISDICTION AND VENUE

6.      Gallagher admits the allegations of Paragraph 6.

7.      The allegations of Paragraph 7 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Defendant Austin Knudsen.

8.      The allegations of Paragraph 8 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Defendant Elsie Arntzen.

9.      Gallagher admits the allegations of Paragraph 9.

10.     The allegations of Paragraph 10 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Defendant City of Helena.

11.     Gallagher admits that he resides in, and the office of the Chief Executive of the City and County of Butte-Silver Bow (BSB) currently occupied by him is in, Butte, Silver Bow County, Montana, and that venue in the Butte Division of the United States District Court for the District of Montana is proper.

12.     Gallagher admits that venue of this action in the Butte Division of the United States District Court for the District of Montana is proper, but denies that a substantial part of the events giving rise to Plaintiffs' claims occurred in Butte, Montana.

## PARTIES

13.     The allegations of Paragraph 13 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff Adria Jawort ("Plaintiff Jawort").

14.     The allegations of Paragraph 14 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff Rachel Corcoran ("Corcoran").

15.     The allegations of Paragraph 15 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the

allegations pertaining to Plaintiff The Imperial Sovereign Court of the State of Montana ("the Imperial Court").

16.     The allegations of Paragraph 16 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff Montana Book Company.

17.     The allegations of Paragraph 17 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff Imagine Brewing Company, LLC, d/b/a Imagine Nation Brewing Company ("Imagine Nation").

18.     The allegations of Paragraph 18 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff BumbleBee Aerial Fitness ("BumbleBee").

19.     The allegations of Paragraph 19 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Montana Pride and the City of Helena.

20.     The allegations of Paragraph 20 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff The Western Montana Community Center ("the Center").

21.     The allegations of Paragraph 21 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff The Great Falls LGBTQ+ Center ("Great Falls LGBTQ+").

22.     The allegations of Paragraph 22 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff The Myrna Loy.

23.     The allegations of Paragraph 23 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff The Roxy Theater ("The Roxy").

24.     Answering the allegations of Paragraph 24, Gallagher admits that he is the elected Chief Executive of BSB and that he, in consultation with the BSB County

Attorney, decided to cancel a lecture to be given by Plaintiff Jawort at the BSB Public Library scheduled for June 2, 2023 because of concerns that the lecture could violate Montana law.

25.    The allegations of Paragraph 25 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher admits that Defendant Austin Knudsen is the Attorney General for the State of Montana.  Gallagher lacks sufficient knowledge or information regarding the remaining allegations pertaining to Defendant Austin Knudsen and affirmatively states HB 359 speaks for itself.

26.    The allegations of Paragraph 26 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher admits that Defendant Elsie Arntzen is the Montana Superintendent of Public Instruction.  Gallagher lacks sufficient knowledge or information regarding the remaining allegations pertaining to Defendant Elsie Arntzen and affirmatively states HB 359 speaks for itself.

27.    The allegations of Paragraph 27 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher admits that Defendant City of Helena is an incorporated municipality in Lewis and Clark County in the State of Montana.  Gallagher lacks

sufficient knowledge or information regarding the remaining allegations pertaining to Defendant City of Helena and affirmatively states HB 359 speaks for itself.

## LEGAL BACKGROUND

28.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 28 concerning the legislative history of HB 359, including its introduction, drafting, prior versions, definitions, and underlying intent and/or motive.

29.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 29 concerning the legislative history of HB 359, including amendments and underlying intent and/or motive.

30.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 30 concerning the legislative history of HB 359, including amendments and its presentation at a free conference committee.

31.     Paragraph 31 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the legislative history of HB 359, including amendments and its presentation at a free conference committee, and affirmatively states HB 359 speaks for itself.

32.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 32 concerning the legislative history of HB 359, the free conference committee, and any commentary pertaining to HB 359.

33.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 33 concerning the legislative history of HB 359 and any commentary pertaining to HB 359.

34.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 34 concerning the legislative history of HB 359, including amendments, versions, and voting.

35.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 35 concerning the legislative history of HB 359 and the underlying intent and/or motive for HB 359.

36.     Paragraph 36 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the legislative history of HB 359, including discussion or remarks that occurred at the Montana Legislative Senate Judiciary Committee Hearing.  Gallagher admits that Montana Code Annotated § 45-8-201 pertains to the criminal offense of obscenity and includes a definition of what is considered "obscene" under Montana law.

37.     Paragraph 37 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher admits that Montana Code Annotated § 45-8-201 pertains to the criminal offense of obscenity and includes a definition of what is considered "obscene" under Montana law.  Gallagher lacks sufficient information or knowledge regarding the remaining allegations of Paragraph 37.

38.     Paragraph 38 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the options available to the Court in relation to HB 359.

39.     Paragraph 39 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher admits that Montana Code Annotated § 45-8-201 pertains to the criminal offense of obscenity and includes a definition of what is considered "obscene" under Montana law.  Assuming "the bill" refers to HB 359, Gallagher lacks sufficient knowledge or information regarding the legislative history of HB 359, including amendments, definitions, prior versions, underlying intent and/or motive, and its effect.

40.     Paragraph 40 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the legislative history of HB 359, including the

10

intent and/or motive of sponsors and proponents of HB 359, and definitions or interpretations of "drag," "drag performance," or "drag queen," and affirmatively states HB 359 speaks for itself.

41.    Paragraph 41 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the legislative history of HB 359, including underlying intent and/or motive, and affirmatively states HB 359 speaks for itself.

42.    Paragraph 42 is vague and ambiguous and does not specify the alleged overt animus by the Legislature.   To the extent Paragraph 42 refers to HB 359, Gallagher lacks sufficient knowledge or information regarding the Legislature's intent and/or motive underlying HB 359.

43.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 43 concerning the legislative history of HB 359, including amendments and its presentation and testimony at the free conference committee.

44.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 44 concerning the legislative history of HB 359, including testimony, discussion, and commentary.

45.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 45 concerning the legislative history of HB 359, including testimony, discussion, and commentary.

46.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 46 concerning the alleged posting of a meme by Senator Theresa Manzella after the legislative session.

47.     Paragraph 47 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge regarding the intent and/or motive underlying HB 359, and affirmatively states HB 359 speaks for itself.

48.     Paragraph 48 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

49.     Paragraph 49 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself and admits HB 359 includes the quoted definition of "drag story hour" referenced in Paragraph 49.

50.     Paragraph 50 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

51.     Paragraph 51 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

52.     Paragraph 52 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

53.     Paragraph 53 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.  Gallagher admits that Montana Code Annotated § 45-8-201 pertains to the criminal offense of obscenity and includes a definition of what is considered "obscene" under Montana law.

54.     Paragraph 54 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

55.     Paragraph 55 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself and admits HB 359 contains the quoted definition of "stripping" referenced in Paragraph 55.  Gallagher lacks sufficient knowledge or information regarding whether "stripping" as defined in HB 359 is not limited to performances involving nudity.

56.     Paragraph 56 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself and admits HB 359 cross-references Montana Code

Annotated § 45-5-625.   Gallagher lacks sufficient knowledge or information regarding the meaning of "sexual conduct."

57.   Paragraph 57 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself and admits HB 359 contains the quoted definition of "sexually oriented" referenced in Paragraph 57.

58.   Paragraph 58 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

59.   Paragraph 59 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself and admits HB 359 contains the quoted definition of "sexually oriented business" referenced in Paragraph 59.

60.   Paragraph 60 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

61.   Paragraph 61 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself.

62.    Paragraph 62 states legal conclusions, which require no response by Gallagher.  To the extent a response is required, Gallagher admits that Montana Code Annotated § 45-8-201 pertains to the criminal offense of obscenity and includes a definition of what is considered "obscene" under Montana law. Gallagher lacks sufficient knowledge or information regarding the remaining allegations of Paragraph 62 and affirmatively states HB 359 speaks for itself.

## FACTUAL ALLEGATIONS

63.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 63 pertaining to Plaintiff Jawort.

64.    Answering the allegations of Paragraph 64, Gallagher admits that Plaintiff Jawort was scheduled to talk at the BSB Public Library ("BSB Library") on June 2, 2023 as part of the BSB Library's First Fridays lecture series.  Gallagher lacks sufficient knowledge or information regarding the specific details of Plaintiff Jawort's talk, including whether or where Plaintiff Jawort has given the talk in the past.

65.    Based on a review of the email filed as Doc. 5-2, Gallagher admits that on June 1, 2023, a librarian sent an email to several people, including Plaintiff Jawort, informing them that the BSB Library had to cancel the talk scheduled for June 2, 2023.  Gallagher affirmatively states the email also stated that he and BSB County Attorney Eileen Joyce "decided it was too much of a risk to have a trans-

person in the library."  Gallagher denies that he or BSB County Attorney Eileen Joyce ever asserted it was too much of a risk to have a trans-person in the library as a reason for canceling Plaintiff Jawort's talk.  Gallagher affirmatively states he tried calling Plaintiff Jawort on June 1, 2023 to attempt to reach a solution that would allow her to give her scheduled talk at the BSB Library without violating the language of HB 359 relating to public libraries, but Plaintiff Jawort declined to speak with Gallagher to reach such a solution.  Gallagher also affirmatively states that he sent an email to Plaintiff Jawort on June 2, 2023 attaching a letter from him explaining the reason BSB decided to cancel Plaintiff Jawort's talk was due to a Twitter post made by her stating, "And I will def have a book & sexuality will be discussed & minors may be present . . . I do an LGBTQ/2 Spirit history lecture at a library June 2.  I am really entertaining at this one, too.  BUT this literally might be illegal in Mont. as a flamboyantly dressed trans woman . . . ."  In his letter, Gallagher also offered to schedule a time to meet with Plaintiff Jawort to discuss BSB's concerns regarding whether her talk will comply with HB 359 to allow her to present her talk at the BSB Library, but Plaintiff Jawort did not contact Gallagher to schedule such a meeting.  In a letter sent from Plaintiff Jawort's attorney, Constance Van Kley, to BSB County Attorney Eileen Joyce dated June 8, 2021, Ms. Van Kley acknowledged Mr. Gallagher's interest in rescheduling Plaintiff Jawort's talk and

stated Plaintiff Jawort will provide no assurance that her talk will comply with HB 359.

66.     Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 66 concerning a group referred to as "White Lives Matter."

67.     Gallagher admits the allegations of Paragraph 67.

68.     Answering the allegations of Paragraph 68, Gallagher admits that in his communications with Plaintiff Jawort he informed her that BSB had made the decision to cancel her talk at the BSB Library out of an abundance of caution due to concerns that the talk would violate HB 359.  Gallagher affirmatively states that he tried calling Plaintiff Jawort on June 1, 2023 to attempt to reach a solution that would allow her to give her scheduled talk at the BSB Library without violating the language of HB 359 relating to public libraries, but Plaintiff Jawort declined to speak with Gallagher to reach such a solution.  Gallagher also affirmatively states that he sent an email to Plaintiff Jawort on June 2, 2023 attaching a letter from him explaining the reason BSB decided to cancel Plaintiff Jawort's talk was due to a Twitter post made by her stating, "And I will def have a book & sexuality will be discussed & minors may be present . . . I do an LGBTQ/2 Spirit history lecture at a library June 2.  I am really entertaining at this one, too.  BUT this literally might be illegal in Mont. as a flamboyantly dressed trans woman . . . ."  In his letter, Gallagher also offered to schedule a time to meet with Plaintiff Jawort to discuss

BSB's concerns regarding whether her talk will comply with HB 359 to allow her to present her talk, but Plaintiff Jawort did not contact Gallagher to schedule such a meeting.   In a letter sent from Plaintiff Jawort's attorney, Constance Van Kley, to BSB County Attorney Eileen Joyce dated June 8, 2021, Ms. Van Kley acknowledged Mr. Gallagher's interest in rescheduling Plaintiff Jawort's talk and stated Plaintiff Jawort will provide no assurance that her talk will comply with HB 359.

69.    To the extent Paragraph 69 contains legal conclusions, as it references the definitions of "drag queen" and "drag king" in HB 359, no response to such allegations by Gallagher is required.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Plaintiff Jawort.

70.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 70 concerning the substance and details of the talk Plaintiff Jawort intended to give at the BSB Library on June 2, 2023.

71.    Gallagher denies all allegations of Paragraph 71, and affirmatively states that Plaintiff Jawort's lecture at the BSB Library was cancelled due to concerns that it would violate HB 359.  Gallagher denies that Plaintiff Jawort's constitutional rights to free speech and equal protection were violated.  Gallagher affirmatively states he attempted to resolve BSB's concerns with Plaintiff Jawort in

a manner that would legally permit her to present her scheduled talk at the BSB Library, but Plaintiff Jawort declined to communicate with Gallagher to reach a solution.

72.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 72 concerning alleged damages suffered by Plaintiff Jawort caused by BSB's decision to cancel her talk scheduled at the BSB Library on June 2, 2023.  Gallagher admits BSB canceled Plaintiff Jawort's talk at the BSB Library, but denies that he, or BSB, suggested that she posed a threat to minors and denies that he, or BSB, harmed Plaintiff Jawort's reputation as a speaker and/or writer on gender identity issues.

73.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 73 concerning alleged stress or sleeplessness experienced by Plaintiff Jawort caused by BSB's decision to cancel her talk scheduled to take place at the BSB Library on June 2, 2023.  Gallagher denies that he, or BSB, targeted Plaintiff Jawort on any social media platform and lacks sufficient knowledge or information regarding Plaintiff Jawort fearing for her safety as a result of social media targeting she experienced.

74.    The allegations of Paragraph 74 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is

required, Gallagher lacks sufficient knowledge or information regarding events hosted by Montana Pride.

75.    The allegations of Paragraph 75 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding Montana Pride events.

76.    Based on information contained on Montana Pride's website, Gallagher admits the allegation of Paragraph 76.

77.    The allegations of Paragraph 77 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding Montana Pride's attempt to comply with City of Helena ordinances and permitting regulations.

78.    The allegations of Paragraph 78 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding alleged withholding of permits by the City of Helena for the Montana Pride event.

79.    The allegations of Paragraph 79 are not directed at Gallagher and therefore do not require a response by Gallagher.  To the extent a response is

required, Gallagher lacks sufficient knowledge or information regarding alleged denial of permits to Montana Pride by the City of Helena.

80.   The allegations of Paragraph 80 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding alleged denial of permits to Montana Pride by the City of Helena.

81.   The allegations of Paragraph 81 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding alleged denial of permits to Montana Pride by the City of Helena.

82.   The allegations of Paragraph 82 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the City of Helena's issuance of permits to Montana Pride in 2022.

83.   Answering the allegations of Paragraph 83, Gallagher admits that BSB made the decision to cancel Plaintiff Jawort's talk at the BSB Library out of an abundance of caution due to concerns that it would violate HB 359.  Gallagher lacks sufficient knowledge or information regarding whether anyone knows what HB 359 actually prohibits.  Gallagher affirmatively states HB 359 speaks for itself but admits

that neither he nor the BSB County Attorney were able to determine whether Plaintiff Jawort's scheduled talk would violate HB 359.

84.    The allegations of Paragraph 84 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the Imperial Court.

85.    The allegations of Paragraph 85 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding BumbleBee.

86.    The allegations of Paragraph 86 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding Plaintiffs Imperial Court, the Center, and the Great Falls LGBTQ+ Center and their members.

87.    The allegations of Paragraph 87 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding Montana Book Company and Imagine Nation.

88.    The allegations of Paragraph 88 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is

required, Gallagher lacks sufficient knowledge or information regarding The Myrna Loy and The Roxy.

89.    The allegations of Paragraph 89 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding events hosted by The Roxy in June 2023.

90.    The allegations of Paragraph 90 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that HB 359 appears to prohibit future events The Roxy intends to host.

91.    The allegations of Paragraph 91 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that HB 359 has chilled the Imperial Court, BumbleBee, the Center, the Great Falls LBGTQ+ Center, Montana Book Company, Imagine Nation, The Myrna Loy, and The Roxy from engaging in protected speech.

92.    Paragraph 92 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher affirmatively states HB 359 speaks for itself but admits that confusion caused by HB 359 contributed to BSB's decision to cancel Plaintiff Jawort's talk at the BSB Library.

93.     Paragraph 93 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding alleged criminal, civil and occupational penalties faced by Plaintiffs Jawort, Corcoran, and the Imperial Court.

94.     Paragraph 94 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations concerning HB 359 and Senate Bill 458 and affirmatively states that the bills speak for themselves.

95.     Paragraph 95 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations concerning HB 359 and affirmatively states HB 359 speaks for itself.

96.     Paragraph 96 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations concerning HB 359 and affirmatively states HB 359 speaks for itself.

97.     Paragraph 97 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations concerning HB 359 and affirmatively states HB 359 speaks for itself.

98.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 98 concerning Plaintiffs' fears related to the definitions contained in HB 359 or events hosted by Plaintiffs.

99.    Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 99 concerning BumbleBee's performances, books sold by Montana Book Company, and movies and films shown by The Myrna Loy and The Roxy.

100.   Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 100 concerning the new-release film, *Asteroid City*, shown in 2023 by The Myrna Loy and The Roxy.

101.   Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 101 concerning the "Out at the Roxy" monthly series hosted by The Roxy.

102.   Paragraph 102 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations that a minor who views a PG-13 film or R-rated movie may bring suit under HB 359.

103.   Paragraph 103 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient

knowledge or information regarding the allegations concerning HB 359 and affirmatively states HB 359 speaks for itself.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violation of Free Speech, U.S. Const. amend. 1**
**(as applied to Plaintiff Jawort)**

42 U.S.C. § 1983

104.   Gallagher re-alleges and incorporates by reference his responses to Paragraphs 1 - 103 as though fully set forth herein.

105.   Gallagher admits that the First Amendment of the United States Constitution, in part, prohibits laws that "abridg[e] the freedom of speech[.]" Gallagher denies that he, or BSB, enacted any law abridging Plaintiff Jawort's freedom of speech.

106.   Gallagher lacks sufficient knowledge or information regarding the allegations of Paragraph 106 concerning Plaintiff Jawort's intentions related to her lecture at the BSB Library.

107.   Gallagher denies that in canceling Plaintiff Jawort's talk at the BSB Library he, or BSB, intended to suppress or did in fact suppress Plaintiff Jawort's protected speech.  Gallagher affirmatively states he attempted to resolve the issue with Plaintiff Jawort in a manner that would legally permit her to present her scheduled talk at the BSB Library, but Plaintiff Jawort declined to speak with

Gallagher to reach such a solution.  Gallagher denies all remaining allegations of Paragraph 107.

108.  Gallagher denies that BSB's decision to cancel Plaintiff Jawort's lecture was motivated by the content of her speech and affirmatively states that neither he nor BSB violated Plaintiff Jawort's constitutional rights under the First Amendment of the United States Constitution.  To the contrary, Gallagher attempted to resolve the issue with Plaintiff Jawort in a manner that would legally permit her to present her scheduled talk at the BSB Library, but Plaintiff Jawort declined to speak with Gallagher to reach such a solution.

109.  Gallagher denies the allegations of Paragraph 109.

110.  Paragraph 110 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that HB 359 violates the First Amendment as applied to Plaintiff Jawort and the allegation that further implementation of HB 359 by Defendant Knudsen will violate Jawort's First Amendment rights.

**COUNT II**:
**Violation of Equal Protection, U.S. Const. amend. XIV, § 2**
**(as applied to Plaintiff Jawort)**

42 U.S.C. § 1983

111.   Gallagher re-alleges and incorporates by reference his responses to Paragraphs 1 - 110 as though fully set forth herein.

112.   Gallagher admits that the Fourteenth Amendment of the United States Constitution, in part, prohibits states from "deny[ing] any person within its jurisdiction the equal protection of the laws."  Gallagher denies that he, or BSB, denied Plaintiff Jawort the equal protection of the laws.

113.   Paragraph 113 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation concerning the Fourteenth Amendment and the allegation that sex-based discrimination is subject to intermediate scrutiny.   Gallagher affirmatively states that the Fourteenth Amendment to the United States Constitution speaks for itself.

114.   Paragraph 114 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the Fourteenth Amendment and affirmatively states that the Fourteenth Amendment to the United States Constitution speaks for itself.

115.   Gallagher denies the allegations of Paragraph 115.   Gallagher affirmatively states that BSB canceled Plaintiff Jawort's talk at the BSB Library out of an abundance of caution due to concerns that her talk would violate HB 359. Gallagher also affirmatively states he tried calling Plaintiff Jawort on June 1, 2023 to attempt to reach a solution that would allow her to legally give her talk at the BSB Library without violating HB 359, but Plaintiff Jawort declined to speak with Gallagher to reach such a solution.  Gallagher further affirmatively states that he sent an email to Plaintiff Jawort on June 2, 2023 attaching a letter from him explaining the reason BSB decided to cancel Plaintiff Jawort's talk was due to a Twitter post made by her stating, "And I will def have a book & sexuality will be discussed & minors may be present . . . I do an LGBTQ/2 Spirit history lecture at a library June 2. I am really entertaining at this one, too.  BUT this literally might be illegal in Mont. as a flamboyantly dressed trans woman. . . ."  In his letter, Gallagher also offered to schedule a time to meet with Plaintiff Jawort to discuss BSB's concerns regarding whether her talk violates HB 359 to allow her to present her talk, but Plaintiff Jawort did not contact Gallagher to schedule such a meeting.

116.   Paragraph 116 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that HB 359 violates the Fourteenth Amendment as applied to Plaintiff Jawort and the allegation that further

implementation of HB 359 by Defendant Knudsen will violate Jawort's Fourteenth Amendment rights.

**COUNT III:**
**Violation of Free Speech, U.S. Const. amend. 1**
**(as applied to Plaintiff Montana Pride)**

42 U.S.C. § 1983

117.   Gallagher re-alleges and incorporates by reference his responses to Paragraphs 1 – 116 as though fully set forth herein.

118.   The allegations of Paragraph 118 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher admits that the First Amendment of the United States Constitution, in part, prohibits laws that "abridg[e] the freedom of speech[.]" Gallagher denies that he, or BSB, enacted any laws abridging Plaintiffs' freedom of speech.

119.   The allegations of Paragraph 119 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding Montana Pride's intentions related to the planned Montana Pride event.

120.   The allegations of Paragraph 120 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is

30

required, Gallagher lacks sufficient knowledge or information regarding the alleged denial of permits to Montana Pride by the City of Helena.

121.   The allegations of Paragraph 121 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding alleged denial of permits to Montana Pride by the City of Helena.

122.   The allegations of Paragraph 122 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding alleged denial of permits to Montana Pride by the City of Helena.

123.   The allegations of Paragraph 123 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the City of Helena's alleged deprivation of Montana Pride's constitutional rights.

124.   Paragraph 124 is not directed to Gallagher and states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that HB 359 violates the First Amendment as applied to Montana Pride and the allegation that further implementation of HB 359 by Defendants Knudsen and the City of Helena will violate Montana Pride's First Amendment rights.

**COUNT IV:**
**Violation of Free Speech, U.S. Const. amend. 1, as Incorporated**
**Against the States, U.S. Const. amend. XIV**
**(facial challenge to HB 359)**

125.   Gallagher re-alleges and incorporates by reference his responses to Paragraphs 1 - 124 as though fully set forth herein.

126.   The allegations of Paragraph 126 are not directed at Gallagher and therefore do not require a response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations pertaining to Defendants Knudsen and Arntzen.

127.   Paragraph 127 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations that HB 359's restrictions are content- and viewpoint-based, presumptively unconstitutional, and subject to strict scrutiny.   Gallagher affirmatively states HB 359 speaks for itself.

128.   Paragraph 128 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations that HB 359 does not satisfy strict scrutiny, is not narrowly tailored to the government's interest in protecting minors from obscenity, and preexisting Montana law fully restricts the display and dissemination of obscene materials to minors.   Gallagher affirmatively states HB 359 speaks for itself.

129.   Paragraph 129 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that the government has no compelling interest in protecting children from drag story hours and/or drag performances.

130.   Paragraph 130 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations that HB 359 is not narrowly tailored to a compelling interest in protecting children from drag story hours and/or drag performances, bans innocent performances, and prohibits protected expressive activity presented to adult audiences.  Gallagher affirmatively states HB 359 speaks for itself.

131.   Paragraph 131 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations that HB 359 is impermissibly vague and that a reasonable person cannot know what is and what is not restricted by the law.  Gallagher affirmatively states HB 359 speaks for itself but admits that neither he nor the BSB County Attorney were able to determine whether Plaintiff Jawort's talk at the BSB Library scheduled for June 2, 2023 was prohibited by

HB 359 or whether Plaintiff Jawort's talk would have exposed BSB and/or its employees to criminal penalties and/or civil liability.

132.   Paragraph 132 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations concerning HB 359's unconstitutional applications.

133.   Paragraph 133 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that HB 359 chills Montanans' First Amendment rights.

### COUNT V:
### Violation of Due Process, U.S. Const. amend. V, as Incorporated Against the States, U.S. Const. amend. XIV
### (facial challenge to HB 359)

134.   Gallagher re-alleges and incorporates by reference his responses to Paragraphs 1 - 133 as though fully set forth herein.

135.   Paragraph 135 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegations concerning HB 359 and affirmatively states HB 359 speaks for itself.

136.   Paragraph 136 states legal conclusions, which require no response by Gallagher.   To the extent a response is required, Gallagher lacks sufficient

knowledge or information regarding the allegations pertaining to HB 359's alleged effect on Plaintiffs.

137.   To the extent Paragraph 137 states legal conclusions, no response by Gallagher is required.  To the extent a response is required, Gallagher lacks sufficient knowledge or information regarding the allegation that HB 359 is void for vagueness and affirmatively states HB 359 speaks for itself.

138.   Gallagher denies Plaintiff Jawort is entitled to the relief requested from Gallagher in the prayer for relief of the First Amended Complaint (Doc. 3, p. 44).

139.   Any allegation of the First Amended Complaint and prayer for relief (Doc. 3) not specifically admitted by Gallagher herein is denied.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses set forth above, Gallagher denies all claims alleged by Plaintiff Jawort against him in his individual and official capacity and asserts the following additional affirmative defenses:

1.   Plaintiff Jawort fails to state a claim against Gallagher upon which relief may be granted and her claims against him should therefore be dismissed pursuant to Mont. R. Civ. P. 12(b)(6).

2.   Neither Gallagher nor BSB had any involvement with any of named Plaintiffs in this matter, except Plaintiff Jawort.

3.     Plaintiffs the Imperial Court, Corcoran, Montana Book Company, Imagine Nation, BumbleBee, the Center, Montana Pride, Great Falls LGBTQ+, The Roxy, and/or The Myrna Loy have not alleged any claim for relief against Gallagher. (Doc. 3.)  As such, none of the claims alleged by any of these Plaintiffs is applicable to Gallagher.

4.     The State of Montana and Montana Governor Greg Gianforte may be indispensable parties to this action required to be joined pursuant to Rule 19, Fed. R. Civ. P.

5.     Gallagher was acting in the course and scope of his position as the elected Chief Executive of BSB.  As a result, Gallagher is entitled to defense and indemnification from BSB for Plaintiff Jawort's claims against him.

6.     Gallagher's actions were objectively reasonable based on the totality of the facts and circumstances known to him, entitling him to qualified immunity from Plaintiff Jawort's claims against him.

7.     Gallagher acted in objective and reasonable reliance on existing state law.

8.     Neither Gallagher nor BSB violated, or caused a violation of, any of Plaintiff Jawort's federal constitutional rights.

9.     Gallagher and BSB were not able to determine whether Plaintiff Jawort's lecture scheduled at the BSB Library on June 2, 2023, would have violated Montana law (HB 359), which went into effect on May 22, 2023.

10.     Pursuant to HB 359 § 3(2), a library that receives any form of funding from the state, such as the BSB Public Library, may not allow a drag story hour as defined in HB 359 § 1 on its premises during regular operating hours.

11.     Pursuant to HB 359 § 3(4), a library or library personnel, a public employee, an entity described in subsection (3)(b) (i.e., a location owned by an entity that receives any form of funding from the state), or an employee of the entity convicted of violating the prohibition under Section 3 shall be fined $5,000.

12.     Pursuant to HB 359 § 4(1), a minor who attends a performance in violation of § 3 may bring an action within 10 years from the date the cause of action accrues against a person who knowingly promotes, conducts, or participates as a performer in the performance.  If the minor, or person bringing suit on the minor's behalf, prevails, the court shall award actual damages, including damages for psychological, emotional, economic, and physical harm, reasonable attorney fees and costs incurred in bringing the action, and statutory damages of $5,000.

13.     In the event Plaintiff Jawort's talk would have violated HB 359, BSB and/or its employees could have been subjected to possible criminal penalties and civil liability.

14.     Gallagher was not aware that a librarian at the BSB Library had sent an email to numerous people, including Plaintiff Jawort, on June 1, 2023, stating that Plaintiff Jawort's talk on June 2, 2023 was cancelled because Gallagher and the BSB County Attorney "have decided that it is too much of a risk to have a trans-person in the library."  The statement is not accurate and was not authorized by BSB to be made by the librarian.

15.     Gallagher attempted to communicate with Plaintiff Jawort to reach a compromise that would have allowed her to give her scheduled talk at the BSB Library, but she declined to speak with him.

16.     On June 20, 2023, Plaintiff Jawort gave the same talk she planned to give at the BSB Library at the Carpenter's Union Hall across the street from the courthouse on Granite Street in Butte, Montana.

17.     On August 3, 2023, BSB extended an invitation to Jawort to speak at the BSB Library.

18.     No policy, custom, or practice of BSB is at issue in this action or caused a violation of Plaintiff Jawort's federal constitutional rights.

19.     Neither Gallagher nor any authorized policymaker for BSB violated Plaintiff Jawort's federal constitutional rights.

20.     Neither Gallagher nor BSB was the "moving force" behind any conduct alleged to violate Plaintiff Jawort's federal constitutional rights.

21.    The decision to cancel Plaintiff Jawort's lecture was viewpoint- and content- neutral and was reasonable in light of HB 359.

22.    The decision to cancel Plaintiff Jawort's lecture was narrowly tailored to a compelling state interest (i.e., compliance with existing Montana law).

23.    Neither Gallagher nor BSB interfered with any of Plaintiff Jawort's fundamental rights.

24.    The government has broad discretion in deciding what private speech to make available to the public. *United States v. Am. Library Ass'n*, 539 U.S. 194, 204 (2003).

25.    Libraries have broad discretion to decide what material to provide to their patrons. *Id.* at 205.

26.    Forum analysis and heightened judicial scrutiny are incompatible with the discretion that public libraries must have to fulfill their traditional missions. *Id.*

27.    In the event Plaintiff Jawort's talk at the BSB Library would have constituted government speech, it would have been stripped of all First Amendment protection under the Free Speech Clause. *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200 (2015) (specialty license plates issued pursuant to Texas's statutory scheme convey government speech); *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (city's decision to accept certain privately donated monuments viewed as government speech).

28.     Gallagher, and all authorized BSB policymakers or officials, acted in a manner substantially related to an important governmental interest (i.e., compliance with existing Montana law).

29.     Plaintiff Jawort was not treated differently by Gallagher or any authorized policymaker or other representative of BSB than other similarly situated persons based upon her gender, gender identity, or membership in any protected class.

30.     Gallagher, nor any authorized policymaker or other representative of BSB, acted with an intent or purpose to discriminate against Plaintiff Jawort based upon her gender, gender identity, or membership in any protected class.

31.     There was a rational basis for BSB's cancellation of Plaintiff Jawort's lecture at the BSB Library (i.e., compliance with existing Montana law).

32.     Plaintiff Jawort was not damaged in the manner or to the extent claimed.

33.     The damages sought by Plaintiff Jawort are not certain or capable of being made certain by calculation.

34.     Plaintiff Jawort failed to mitigate her alleged damages as required by law, which precludes or reduces her claimed damages.

35.     Gallagher is immune from punitive damages in his official capacity because punitive damages are not recoverable against a municipality.

40

36.     Gallagher did not act with actual malice, or an evil motive or intent, or with a reckless or callous indifference to Plaintiff Jawort's constitutional rights, and Plaintiff Jawort therefore may not recover punitive damages against Gallagher in his individual capacity.

37.     An award of punitive damages against Gallagher would be a violation of his constitutional rights, including, but not limited to, due process and excessive fines and punishments.

Gallagher reserves the right to add additional affirmative defenses if supported by facts revealed during discovery or to dismiss any affirmative defense in the event any affirmative defense asserted herein is not supported by the facts or law learned during discovery.

## PRAYER FOR RELIEF

WHEREFORE, Gallagher having fully answered the First Amended Complaint (Doc. 3), prays for judgment as follows:

1.     For dismissal of Plaintiff Jawort's claims asserted against him with prejudice;

2.     For an award of Gallagher's reasonable attorney fees and costs of suit expended, as allowed by 42 U.S.C. § 1988, in defending Plaintiff Jawort's claims asserted against him in the First Amended Complaint; and

3.     For such other and further relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Gallagher respectfully demands a trial by jury on all issues so triable.

DATED this 8th day of August, 2023.

BOONE KARLBERG P.C.

_____
Cynthia L. Walker
Shelby K. Towe
*Attorneys for Defendant*
*J.P. Gallagher*