Austin Knudsen
  *Montana Attorney General*
Michael Russell
Thane Johnson
Alwyn Lansing
Michael Noonan
  *Assistant Attorneys General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
*michael.russell@mt.gov*
*thane.johnson@mt.gov*
*alwyn.lansing@mt.gov*
*michael.noonan@mt.gov*

Emily Jones
  *Special Assistant Attorney General*
JONES LAW FIRM, PLLC
115 N. Broadway, Suite 410
Billings, MT 59101
Phone: 406-384-7990
*emily@joneslawmt.com*
       Attorneys for State Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AUSTIN KNUDSEN; ELSIE ARNTZEN; J.P. GALLAGHER; and the CITY OF HELENA, <br><br> Defendants | Cause No. 2:23-cv-00050-BMM <br><br> **STATE DEFENDANTS' ANSWER TO PLANTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

For their Answer to Plaintiffs' First Amended Complaint, Defendants Austin Knudsen and Elsie Arntzen (the "State Defendants") state as follows:

## **INTRODUCTION**

1.      The allegations of Paragraph 1 of Plaintiffs' First Amended Complaint are arguments of counsel, which require no response.  To the extent a response is required, the State Defendants deny the allegations of Paragraph 1 as stated.

2.      The allegations of Paragraph 2 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.  To the extent a response is required, the State Defendants deny the allegations of Paragraph 2 as stated.

3.      The allegations of Paragraph 3 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.  To the extent a response is required, the State Defendants deny the allegations of Paragraph 3 as stated.

4.      The allegations of Paragraph 4 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

5.      The allegations of Paragraph 5 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself

and is the best evidence of its contents; therefore, no response is required.  To the extent a response is required, the State Defendants deny the allegations of Paragraph 5 as stated.

## JURISDICTION AND VENUE

6.     The allegations of Paragraph 6 of Plaintiffs' First Amended Complaint are arguments of counsel and call for a legal determination by the Court; therefore, no response is required.

7.     State Defendants admit the allegations of Paragraph 7 of Plaintiffs' First Amended Complaint.

8.     State Defendants admit the allegations of Paragraph 8 of Plaintiffs' First Amended Complaint.

9.     The allegations of Paragraph 9 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

10.     The allegations of Paragraph 10 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

11.     The allegations of Paragraph 11 of Plaintiffs' First Amended Complaint are arguments of counsel and call for a legal determination by the Court; therefore, no response is required.  The State Defendants do not intend to contest venue.

12.     The allegations of Paragraph 6 of Plaintiffs' First Amended Complaint are arguments of counsel and call for a legal determination by the Court; therefore, no response is required.  The State Defendants do not intend to contest venue.

## PARTIES

13.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 13 of Plaintiffs' First Amended Complaint.

14.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of the first four sentences of Paragraph 14 of Plaintiffs' First Amended Complaint. The remaining allegations of Paragraph 14 are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

15.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of the first three sentences of Paragraph 15 of Plaintiffs' First Amended Complaint. The remaining allegations of Paragraph 15 are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

16.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 16 of Plaintiffs' First Amended Complaint.

17.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 17 of Plaintiffs' First Amended Complaint.

18.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 18 of Plaintiffs' First Amended Complaint.

19.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of the first two sentences of Paragraph 19 of Plaintiffs' First

Amended Complaint. The remaining allegations of Paragraph 19 are not directed at the State Defendants; therefore, no response is required.

20.    State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 20 of Plaintiffs' First Amended Complaint.

21.    State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 21 of Plaintiffs' First Amended Complaint.

22.    State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 22 of Plaintiffs' First Amended Complaint.

23.    State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 23 of Plaintiffs' First Amended Complaint.

24.    The allegations of Paragraph 24 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

25.    State Defendants admit the allegations of the first sentence of Paragraph 25 of Plaintiffs' First Amended Complaint.  The remaining allegations of Paragraph 25 are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

26.    State Defendants admit the allegations of the first sentence of Paragraph 26 of Plaintiffs' First Amended Complaint. The remaining allegations of Paragraph 26 are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

27.     The allegations of Paragraph 27 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

## LEGAL BACKGROUND

28.     The allegations of Paragraph 28 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

29.     The allegations of Paragraph 29 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

30.     The allegations of Paragraph 30 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

31.     The allegations of Paragraph 31 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record and HB 359, which speak for themselves and are the best evidence of their contents; therefore, no response is required.

32.     The allegations of Paragraph 32 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record and HB

359, which speak for themselves and are the best evidence of their contents; therefore, no response is required.

33.   The allegations of Paragraph 33 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

34.   The allegations of Paragraph 34 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

35.   The allegations of Paragraph 35 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.  To the extent a response is required, the State Defendants deny the allegations of Paragraph 35 as stated.

36.   The allegations of Paragraph 36 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the Constitution, Mont. Code Ann. § 45-8-201, and the legislative record, which speak for themselves and are the best evidence of their contents; therefore, no response is required.

37.   The allegations of Paragraph 37 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize Mont. Code Ann. § 45-8-201,

which speaks for itself and is the best evidence of its contents; therefore, no response is required.

38.     The allegations of Paragraph 38 of Plaintiffs' First Amended Complaint are arguments of counsel; therefore, no response is required.

39.     The allegations of Paragraph 39 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize Mont. Code Ann. § 45-8-201 and the legislative record, which speak for themselves and are the best evidence of their contents; therefore, no response is required.

40.     The allegations of Paragraph 40 of Plaintiffs' First Amended Complaint are arguments of counsel; therefore, no response is required.

41.     State Defendants deny the allegations of Paragraph 41 of Plaintiffs' First Amended Complaint.

42.     The allegations of Paragraph 42 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

43.     The allegations of Paragraph 43 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

44.     The allegations of Paragraph 44 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

45.     The allegations of Paragraph 45 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the legislative record, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

46.     The allegations of Paragraph 46 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize a social media post, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

47.     The allegations of Paragraph 47 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

48.     The allegations of Paragraph 48 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

49.     The allegations of Paragraph 49 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

50.     The allegations of Paragraph 50 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

51.     The allegations of Paragraph 51 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

52.     The allegations of Paragraph 52 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

53.     The allegations of Paragraph 53 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

54.     The allegations of Paragraph 54 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

55.     The allegations of Paragraph 55 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

56.     The allegations of Paragraph 56 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

57.     The allegations of Paragraph 57 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

58.     The allegations of Paragraph 58 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

59.     The allegations of Paragraph 59 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

60.     The allegations of Paragraph 60 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

61.     The allegations of Paragraph 61 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

62.     The allegations of Paragraph 62 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, Mont. Code Ann. § 45-8-201, and *Miller v. California*, 413 U.S. 15 (1973), which speak for themselves and are the best evidence of their contents; therefore, no response is required.

## <u>FACTUAL ALLEGATIONS</u>

63.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 63 of Plaintiffs' First Amended Complaint.

64.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 64 of Plaintiffs' First Amended Complaint.

65.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 65 of Plaintiffs' First Amended Complaint.

66.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 66 of Plaintiffs' Complaint.

67.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 67 of Plaintiffs' First Amended Complaint.

68.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 68 of Plaintiffs' First Amended Complaint.

69.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 69 of Plaintiffs' First Amended Complaint.

70.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 70 of Plaintiffs' First Amended Complaint.

71.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 71 of Plaintiffs' First Amended Complaint.

72.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 72 of Plaintiffs' First Amended Complaint.

73.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 73 of Plaintiffs' First Amended Complaint.

74.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 74 of Plaintiffs' First Amended Complaint.

75.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 75 of Plaintiffs' First Amended Complaint.

76.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 76 of Plaintiffs' First Amended Complaint.

77.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 77 of Plaintiffs' First Amended Complaint.

78.     The allegations of Paragraph 78 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

79.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 79 of Plaintiffs' First Amended Complaint.

80.     The allegations of Paragraph 80 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

81.     The allegations of Paragraph 81 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

82.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 82 of Plaintiffs' First Amended Complaint.

83.     The allegations of Paragraph 83 of Plaintiffs' First Amended Complaint are arguments of counsel; therefore, no response is required.  To the extent a response is required, the State Defendants deny the allegations of Paragraph 83 as stated.

84.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 84 of Plaintiffs' First Amended Complaint.

85.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 85 of Plaintiffs' First Amended Complaint.

86.     The allegations of Paragraph 86 of Plaintiffs' Complaint are arguments of counsel, and purport to characterize HB 359; therefore, no response is required.

87.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 87 of Plaintiffs' First Amended Complaint.

88.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 88 of Plaintiffs' First Amended Complaint.

89.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 89 of Plaintiffs' First Amended Complaint.

90.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 90 of Plaintiffs' First Amended Complaint. Additionally, the allegations of Paragraph 90 are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

91.     The allegations of Paragraph 91 of Plaintiffs' First Amended Complaint are arguments of counsel; therefore no response is required.  To the extent a response is required, the allegations of Paragraph 91 are denied as stated.

92.     The allegations of Paragraph 92 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore no response is required.

93.     The allegations of Paragraph 93 of Plaintiffs' First Amended Complaint are arguments of counsel; therefore no response is required.  To the extent a response is required, the allegations of Paragraph 93 are denied as stated.

94.     The allegations of Paragraph 94 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore no response is required.

95.     The allegations of Paragraph 95 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore no response is required.

96.     The allegations of Paragraph 96 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore no response is required.

97.     The allegations of Paragraph 97 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359 and Montana's Bill

Drafting Manual, which speak for themselves and are the best evidence of their contents; therefore no response is required.

98.     The allegations of Paragraph 98 of Plaintiffs' First Amended Complaint are arguments of counsel; therefore no response is required.

99.     State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 99 of Plaintiffs' First Amended Complaint.

100.   The allegations of Paragraph 100 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore no response is required.

101.   State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 101 of Plaintiffs' First Amended Complaint. Additionally, the allegations of Paragraph 101 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore no response is required.

102.   State Defendants deny the allegations of Paragraph 102 of Plaintiffs' First Amended Complaint.

103.   Additionally, the allegations of Paragraph 103 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359,

which speaks for itself and is the best evidence of its contents; therefore no response is required.

**COUNT I: U.S. CONST. AMEND. 1; 42 U.S.C. § 1983**
**(as applied to Plaintiff Jawort)**

104.   State Defendants restate their responses to Paragraphs 1–103 of Plaintiffs' First Amended Complaint.

105.   The allegations of Paragraph 105 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the First Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

106.   State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 106 of Plaintiffs' First Amended Complaint.

107.   The allegations of Paragraph 107 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

108.   The allegations of Paragraph 108 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

109.   The allegations of Paragraph 109 of Plaintiffs' Complaint are not directed at the State Defendants; therefore, no response is required.

110.   State Defendants deny the allegations of Paragraph 110 of Plaintiffs' First Amended Complaint.

## COUNT II: U.S. CONST. AMEND. XIV, § 2; 42 U.S.C. § 1983
### (as applied to Plaintiff Jawort)

111.   State Defendants restate their responses to Paragraphs 1–110 of Plaintiffs' First Amended Complaint.

112.   The allegations of Paragraph 112 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the Fourteenth Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

113.   The allegations of Paragraph 113 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the Fourteenth Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

114.   The allegations of Paragraph 114 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the Fourteenth Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

115.   The allegations of Paragraph 115 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

116.   State Defendants deny the allegations of Paragraph 116 of Plaintiffs' First Amended Complaint.

## COUNT III: U.S. CONST. AMEND. I, 42 U.S.C. § 1983
### (as applied to Plaintiff Montana Pride)

117.   State Defendants restate their responses to Paragraphs 1–116.

118.   The allegations of Paragraph 118 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize the First Amendment of the U.S. Constitution, which speaks for itself and is the best evidence of its contents; therefore, no response is required.

119.   State Defendants lack sufficient information or knowledge to admit or deny the allegations of Paragraph 119 of Plaintiffs' First Amended Complaint.

120.   The allegations of Paragraph 120 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

121.   The allegations of Paragraph 121 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

122.   The allegations of Paragraph 122 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

123.   The allegations of Paragraph 123 of Plaintiffs' First Amended Complaint are not directed at the State Defendants; therefore, no response is required.

124.   State Defendants deny the allegations of Paragraph 124 of Plaintiffs' First Amended Complaint.

## COUNT IV: U.S. CONST. AMEND. I, U.S. CONST. AMEND. XIV
### (facial challenge to HB 359)

125.   State Defendants restate their responses to Paragraphs 1–124 of Plaintiffs' First Amended Complaint.

126.   State Defendants deny the allegations of Paragraph 126 of Plaintiffs' First Amended Complaint.

127.   State Defendants deny the allegations of Paragraph 127 of Plaintiffs' First Amended Complaint.

128.   State Defendants deny the allegations of Paragraph 128 of Plaintiffs' First Amended Complaint.

129.   State Defendants deny the allegations of Paragraph 129 of Plaintiffs' First Amended Complaint.

130.   The allegations of Paragraph 130 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359, which speaks for itself and is the best evidence of its contents; therefore, no response is required.   To the extent a response is required, the State Defendants deny the allegations of Paragraph 130.

131.   State Defendants deny the allegations of Paragraph 131 of Plaintiffs' First Amended Complaint.

132.   State Defendants deny the allegations of Paragraph 132 of Plaintiffs' First Amended Complaint.

133.   State Defendants deny the allegations of Paragraph 133 of Plaintiffs' First Amended Complaint.

## COUNT V: U.S. CONST. AMEND. V; U.S. CONST. AMEND XIV
### (facial challenge to HB 359)

134.   State Defendants restate their responses to Paragraphs 1–133 of Plaintiffs' First Amended Complaint.

135.   The allegations of Paragraph 135 of Plaintiffs' First Amended Complaint are arguments of counsel and purport to characterize HB 359 and the referenced caselaw, which speak for themselves and are the best evidence of their contents; therefore, no response is required.

136.   State Defendants deny the allegations of Paragraph 136 of Plaintiffs' First Amended Complaint.

137.   State Defendants deny the allegations of Paragraph 137 of Plaintiffs' First Amended Complaint.

## DEFENSES

138.   State Defendants deny each and every allegation of Plaintiffs' Complaint not specifically admitted.

139.   Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted against the State Defendants.

140.   Plaintiffs lack standing.

141.   Plaintiffs' claims are not justiciable.

142.   The State Defendants have not deprived Plaintiffs, or any Plaintiff, of any constitutional rights under color of law.

143.   The State Defendants have taken no enforcement actions against Plaintiffs, or any Plaintiff.

144.   The State Defendants may be subject to qualified immunity or sovereign immunity.

145.   HB 359 is not vague or overbroad.

146.   HB 359 does not violate the United States Constitution, the Constitution of the State of Montana, or Montana state law.

147.   HB 359 serves and is supported by rational, legitimate, and compelling state interests, including but not limited to protecting children from indecent and inappropriate conduct that is harmful to children.

148.   HB 359 is rationally related to and advances those government interests through narrowly tailored means and does not substantially burden more speech than necessary.

149.   State Defendants raise the above defenses so that they will not be waived and reserve the right to add defenses that may become apparent during the discovery or to dismiss those which may later show not to apply.

WHEREFORE, State Defendants respectfully pray for the following relief:

1.      That Plaintiffs take nothing by their First Amended Complaint;

2.      For judgment on State Defendants on all counts of Plaintiffs' First Amended Complaint;

3.      For costs of suit and attorneys' fees as allowed by law; and

4.      For all other relief the Court deems just and proper.

## **JURY DEMAND**

DEFENDANTS AUSTIN KNUDSEN AND ELSIE ARNTZEN DEMAND A TRIAL BY JURY ON ALL FACT ISSUES.

DATED this 10th day of August, 2023.

Austin Knudsen
MONTANA ATTORNEY GENERAL

*/s/ Alwyn Lansing*
Alwyn Lansing
Michael Russell
Thane Johnson
Michael Noonan
 *Assistant Attorneys General*
MONTANA DEPARTMENT OF JUSTICE
P.O. Box 201401
Helena, MT 59620-1401

Emily Jones
 *Special Assistant Attorney General*
JONES LAW FIRM, PLLC
115 N. Broadway, Suite 410
Billings, MT 59101

ATTORNEYS FOR STATE
DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that on this date, an accurate copy of the foregoing document was

served electronically through the Court's CM/ECF system on registered counsel.

Dated: <u>August 9, 2023</u>       <u>/s/ *Alwyn Lansing*</u>
                                     Alwyn Lansing