Constance Van Kley
Rylee Sommers-Flanagan
Niki Zupanic
  Upper Seven Law
  P.O. Box 31
  Helena, MT 59624
  (406) 306-0330
  constance@uppersevenlaw.com
  rylee@uppersevenlaw.com
  niki@uppersevenlaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA; ADRIA JAWORT; RACHEL CORCORAN; MONTANA BOOK COMPANY; IMAGINE BREWING COMPANY, LLC d/b/a IMAGINE NATION BREWING COMPANY; BUMBLEBEE AERIAL FITNESS; THE WESTERN MONTANA COMMUNITY CENTER; MONTANA PRIDE; THE GREAT FALLS LGBTQ+ COMMUNITY CENTER; THE ROXY THEATER; and THE MYRNA LOY,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AUSTIN KNUDSEN; ELSIE ARNTZEN; J.P. GALLAGHER; and THE CITY OF HELENA,<br><br>*Defendants*. | Cause No. CV-23-50-BU-BMM<br><br>**Reply to Defendant J.P. Gallagher's Response to Plaintiffs' Motion for a Preliminary Injunction** |

Defendant J.P. Gallagher ("Gallagher") is not the subject of Plaintiffs' request for a preliminary injunction—and, in fact, does not take a position on whether the Court should grant an injunction. Nonetheless, his response (Doc. 18) substantiates several of Plaintiffs' claims in support of their request. He affirms that he canceled Plaintiff Adria Jawort's scheduled talk at the Butte-Silver Bow Public Library out of fear of House Bill 359 ("HB 359"), demonstrating HB 359's unconstitutionality and the necessity of continued injunctive relief.

Gallagher's account of the cancellation only bolsters Plaintiffs' standing. He canceled Jawort's scheduled lecture because of the "<u>ambiguous language</u> of HB 359 and possible <u>criminal penalties</u> and civil liability associated with violating HB 359." (Docs. 18 at 5; 19 at ¶ 6.) He refused to allow Jawort to speak at the library without "her assurance and appropriate parameters in place to ensure that HB 359 . . . will not be violated." (Docs. 18 at 5; 19 at ¶¶ 6, 11).

Gallagher sought "to protect not only [Butte-Silver Bow] from exposure to potential criminal penalty and civil liability, but to protect its employees." (Doc. 18 at 7.) Only now, after the Court issued a temporary restraining order, has he invited Ms. Jawort to reschedule her

planned lecture and to speak at the library without condition. (Docs. 18 at 6, 19 at ¶ 15).

Gallagher explains that "it is difficult for reasonable persons to determine what is and what is not restricted by HB 359 and to determine who may be subject to the criminal and civil penalties associated with violating HB 359." (Doc. 18 at 3.) Plaintiffs agree—HB 359's vagueness is at the heart of this litigation. *See HM Fla.-ORL*, 2023 WL 4157542, at *8. And, while the issue of whether Gallagher lawfully canceled Jawort's lecture is not at issue in the pending Motion for a Preliminary Injunction, Gallagher's assertions are powerful evidence of both standing and the likelihood of success on the merits. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

DATED this 16th day of August, 2023.

/s/ *Constance Van Kley*
Constance Van Kley
Rylee Sommers-Flanagan
Niki Zupanic
UPPER SEVEN LAW

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Per Local Rule 7.1(d)(2)(E), I certify that this brief includes 382 words, excluding caption, certificate of compliance, table of contents and authorities, exhibit list, and certificate of service, as counted by Microsoft Word's word count feature.

/s/Constance Van Kley
UPPER SEVEN LAW

*Attorney for Plaintiffs*