IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA; ADRIA JAWORT; RACHEL CORCORAN; MONTANA BOOK COMPANY; IMAGINE BREWING COMPANY, LLC d/b/a IMAGINE NATION BREWING COMPANY; BUMBLEBEE AERIAL FITNESS; THE WESTERN MONTANA COMMUNITY CENTER; MONTANA PRIDE; THE GREAT FALLS LGBTQ+ COMMUNITY CENTER; THE ROXY THEATER; and THE MYRNA LOY,<br><br>Plaintiffs,<br><br>vs.<br><br>AUSTIN KNUDSEN; ELSIE ARNTZEN; J.P. GALLAGHER; and THE CITY OF HELENA,<br><br>Defendants. | No. CV 23-50-BU-BMM<br><br>ORDER re: Jury Demands |

Plaintiffs, the Imperial Sovereign Court of the State Of Montana ("Imperial Court"); Adria Jawort ("Jawort"); Rachel Corcoran ("Corcoran"); Montana Book Company ("Montana Book Co."); Imagine Brewing Company, LLC d/b/a Imagine Nation Brewing Company ("Imagine Nation"); BumbleBee Aerial Fitness ("BumbleBee"); the Western Montana Community Center ("the Center"); Montana

1

Pride; the Great Falls LGBTQ+ Community Center ("Great Falls LGBTQ+ Center"); the Roxy Theater ("the Roxy"); and the Myrna Loy (collectively "Plaintiffs") have sued Defendants the Attorney General for the State of Montana Austin Knudsen ("Knudsen"), the Montana Superintendent of Public Instruction Elsie Arntzen ("Arntzen"), Butte-Silver Bow's Chief Executive J.P. Gallagher ("Gallagher"), and the City of Helena. Knudsen, Arntzen, and Gallagher have made jury demands. *See* (Doc. 22 at 23 [Knudsen and Arntzen]; Doc. 21 at 42 [Gallagher]).

The Court inquired as to Defendants' jury demands at the hearing held on August 28, 2023. Defendant Gallagher seeks a jury trial "on all issues so triable." (Doc. 21 at 42.) Defendant City of Helena makes no jury demand in its Answer to the Amended Complaint. (Doc. 23.) Defendants Knudsen and Arntzen "DEMAND A TRIAL BY JURY ON ALL FACT ISSUES." (Doc. 22 at 23.)

A party in a civil suit has a right to trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars," (U.S. Const. amend. VII) and on statutory causes of action analogous to common law causes of action typically heard in English law courts in the late 18th century. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). "Determining whether an action is legal or equitable depends on the 'nature of the issues to be tried rather than the character of the overall action.'" *Charlton Mem'l Hosp. v. Foxboro Co.*, 818 F. Supp. 456, 459 (D. Mass. 1993) (quoting *Kahnke v. Herter*, 579 F.Supp. 1523, 1527 (D.Mn.1984)).

2

"A [42 U.S.C.] § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999). Money damages are a form of legal relief. *Id.* at 710 (§ 1983 suit for just compensation). *See Segarra v. McDade*, 706 F.2d 1301, 1304 (4th Cir. 1983) ("In a § 1983 suit that seeks actual damages, a defendant is entitled to a jury trial.").

The Court has not been satisfied that Defendant Gallagher is entitled to a jury trial on any issues beyond those claims in which Plaintiffs seek actual damages. Likewise, the Court has not been satisfied that Defendants Knudsen or Arntzen are entitled to a jury trial on any issue. Plaintiffs do not seek actual, general, or punitive damages from Defendants Knudsen or Arntzen. Moreover, neither Gallagher, Knudsen, nor Arntzen appear to be entitled to a jury trial on issues which must be resolved for the Court to grant or deny declaratory relief. A prayer for declaratory relief does not itself create a right to a jury trial in the defending party. *See Northgate Homes, Inc. v. City of Dayton*, 126 F.3d 1095, 1099 (8th Cir. 1997).

The Court directs the parties to submit simultaneous briefing explaining why Defendants Knudsen, Arntzen, and Gallagher, respectively, are entitled to a jury trial on 1) claims made under 42 U.S.C. § 1983 (if applicable), and 2) claims made under the Fourteenth Amendment of the United States Constitution. The briefing should include the position of each party on the best manner by which the Court should

handle any potential jury logistics, including, at least, which if any issues a jury can decide and whether those decisions, if any, would be binding on the Court.

## ORDER

Accordingly, **IT IS ORDERED**:

Parties shall submit simultaneous briefing in support of Defendants Knudsen's, Arntzen's, and Gallagher's right to jury trial, in 42 U.S.C. § 1983 litigation and litigation arising from the First and Fifth Amendment of the U.S. Constitution as incorporated by the Fourteenth Amendment, on or before September 11, 2023.

DATED this 4th of September, 2023.

_____
Brian Morris, Chief District Judge
United States District Court