Austin Knudsen
  *Montana Attorney General*
Michael Russell
Thane Johnson
Alwyn Lansing
Michael Noonan
  *Assistant Attorneys General*
MONTANA DEPARTMENT OF JUSTICE
PO Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
*michael.russell@mt.gov*
*thane.johnson@mt.gov*
*alwyn.lansing@mt.gov*
*michael.noonan@mt.gov*

Emily Jones
  *Special Assistant Attorney General*
JONES LAW FIRM, PLLC
115 N. Broadway, Suite 410
Billings, MT 59101
Phone: 406-384-7990
*emily@joneslawmt.com*

  Attorneys for State Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA; et al., <br><br> Plaintiffs, <br> v. <br><br> AUSTIN KNUDSEN, et al., <br><br> Defendants. | Cause No. 2:23-cv-00050-BMM <br><br> **STATE DEFENDANTS' PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to Local Rule 16.2(b)(1), Defendants Austin Knudsen and Elsie Arntzen ("State Defendants") respectfully submit the following preliminary pretrial statement:

**A.    Factual Outline of the Case**

On May 22, 2023, Montana's Governor signed HB 359 into law, which restricts sexually oriented businesses; identifies locations where sexually oriented performances are prohibited; and provides a private right of action to certain minors or their parents or legal guardians against a person who knowingly promotes, conducts, or participates as a performer in a performance that violates Sections 2 or 3 of the Bill. HB 359 prohibits minors from entering the premises of a sexually oriented business during a sexually oriented performance and subjects owners, operators, managers, or employees of a sexually oriented business to fines that increase with repeated violations. Business license revocation occurs upon a third violation.

HB 359 prohibits a library that receives state funding from allowing a sexually oriented performance on its premises. Additionally, a school or library that receives state funding "may not allow a sexually oriented performance or drag story hour on its premises during regular operating hours or at any school-sanctioned extracurricular activity." The bill further prohibits sexually oriented performances "on public property in any location where the performance is in the presence of an individual under the age of 18" and "in a location owned by

an entity that receives any form of funding from the state." "A library, a school, or library or school personnel, a public employee, or [applicable entity] or an employee of the entity" are subject to a fine and, if applicable, adverse certification consequences for violating HB 359.

Finally, HB 359 establishes a private right of action. A minor who attends a performance or the minor's parent or legal guardian "may bring an action against a person who knowingly promotes, conducts, or participates as a performer in the performance." A successful plaintiff may be awarded actual damages, reasonable attorney fees and costs, and statutory damages. The cause of action remains available for a period of ten years after accrual.

Plaintiffs are a mix of individuals, businesses, and nonprofits who seek to invalidate HB 359 on constitutional grounds. Defendant Austin Knudsen is the Montana Attorney General and has been named as a Defendant in his official capacity. Defendant Elsie Arntzen is the State Superintendent of Schools and has been named as a Defendant in her official capacity. Neither Defendant Knudsen nor Arntzen have taken any action to enforce or implement HB 359.

## B.   Federal Jurisdiction and Venue

This Court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert there has been a deprivation of constitutional rights under color of state law. The Butte Division of the District of Montana is a proper venue because Defendant Gallagher and the Office of the Chief of the City-

County of Butte Silver Bow are situated in Butte, Montana.  28 U.S.C. § 1391; L.R. 3.2(b).

## C.–D. Factual and Legal Bases for State Defendants' Defenses

The only remaining claims against the State Defendants are Count IV, Plaintiffs' facial First Amendment overbreadth challenge, and Count V, Plaintiffs' facial Fifth/Fourteenth void for vagueness challenge. (Doc. 3 at 41–43.) The State Defendants' defenses to these claims are as follows:

1. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted against the State Defendants.  The factual basis for this claim is that the State Defendants have taken no action to enforce or implement HB 359. The Plaintiffs have suffered no injuries and therefore lack standing. Plaintiffs' claims are not justiciable. Plaintiffs' claims are not unconstitutional in all applications. The legal basis for this defense is Fed. R. Civ. P. 12(b)(6) and applicable caselaw.

2. Plaintiffs lack standing. The factual basis for this claim is that the State Defendants have taken no action to enforce or implement HB 359. The Plaintiffs have suffered no injuries and therefore lack standing. The legal basis for this defense is *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973) and other applicable caselaw.

3. Plaintiffs' claims are not justiciable. The factual basis for this claim is that the State Defendants have taken no action to enforce or implement HB 359. The Plaintiffs have suffered no injuries and therefore lack standing. Plaintiffs' claims are

not justiciable. The legal basis for this defense is *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) and other applicable caselaw.

4. The State Defendants have not deprived Plaintiffs, or any Plaintiff, of any constitutional rights under color of law. The factual basis for this claim is that the State Defendants have taken no action to enforce or implement HB 359. The Plaintiffs have suffered no injuries and therefore lack standing. The legal basis for this defense is 42 U.S.C. § 1983 and applicable caselaw.

5. The State Defendants have taken no enforcement actions against Plaintiffs, or any Plaintiff. The factual basis for this claim is that the State Defendants have taken no action to enforce or implement HB 359. The Plaintiffs have suffered no injuries and therefore lack standing. The legal basis for this defense is 42 U.S.C. § 1983 and applicable caselaw.

6. The State Defendants may be subject to qualified immunity or sovereign immunity. The factual basis for this claim is that the State Defendants have taken no action to enforce or implement HB 359. They have therefore not engaged in any conduct which clearly violates established statutory or constitutional rights of which a reasonable person would have known. Additionally, Montana has only waived sovereign immunity with respect to actions involving injuries to persons or property. Plaintiffs have suffered no injuries as a result of conduct of the State Defendants. The legal bases for this defense are *Grossman v. City of Portland*, 33

F.3d 1200 (9th Cir. 1994), *Peretti v. State*, 238 Mont. 239, 777 P.2d 329 (1989) and other applicable caselaw.

7.   HB 359 is not vague or overbroad. The factual basis for this defense is that HB 359 gives fair notice of the forbidden conduct and is not so vague in its terms that persons of common intelligence must guess its meaning. The legal basis for this defense is *FCC v. Fox TV Stations, Inc.*, 567 U.S. 239 (2012) and other applicable caselaw.

8.   HB 359 does not violate the United States Constitution, the Constitution of the State of Montana, or Montana state law. The factual basis for this defense is that HB 359 is not void for vagueness or overbreadth and does not violate the First Amendment to the U.S. Constitution. HB 359 is content neutral. The legal bases for this defense are the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, *FCC v. Fox TV Stations, Inc.*, 567 U.S. 239 (2012), *United States v. Williams*, 553 U.S. 285, (2008) and other applicable caselaw.

9.   HB 359 passes every level of scrutiny. The factual bases for this defense is that HB 359 serves and is supported by rational, legitimate, and compelling state interests, including but not limited to protecting children from indecent and inappropriate conduct that is harmful to children. Additionally, HB 359 is rationally related to and advances those government interests through narrowly tailored means and does not substantially burden more speech than necessary. The

legal bases for this defense is applicable caselaw relative to the level of appropriate scrutiny.

### E.  Computation of Damages

This is a facial declaratory judgment action so damage computation is irrelevant. Additionally, Plaintiffs have suffered no injuries.

### F.  Pendency of Related State or Federal Litigation

None.

### G.  Proposed Additional Stipulations of Fact

No additional proposed stipulations of fact are contemplated at this time.

### H.  Proposed Deadline to Amend Pleadings

Defendants do not foresee the need to amend pleadings any further and propose a deadline of December 1, 2023 for amendments.

### I.  Issues of Law Suitable for Pretrial Disposition

Issues of standing and justiciability, as well as qualified and sovereign immunity are suitable for pretrial disposition. Additionally, because both Counts IV & V of Plaintiffs' Amended Complaint address constitutional facial challenges, all claims against the State Defendants are likely suitable for decision on summary judgment.

### J.  Preliminary Witness List

1. J.P. Gallahger, Butte, Montana
2. Adria Jawort, Billings, Montana

3. Representatives of the Imperial Sovereign Court of the State of Montana

4. Representatives of the Montana Book Company

5. Representatives of Imagine Brewing Company

6. Representatives of Bumblebee Aerial Fitness

7. Representatives of Montana Pride

8. Representatives of Western Montana Community Center

9. Representatives of The Myrna Loy

10. Representatives of The Roxy

11. Annatheia Smith, Missoula, Montana

12. Sabrina Malecek, Helena, Montana

13. Mike Steinberg, Missoula, Montana

14. Krys Holmes, Helena, Montana

15. Chelsia Rice, Helena, Montana

16. Lauren Halverson, Missoula, Montana

17. Kevin Hamm, East Helena, Montana

18. Rachel Corcoran, Billings, Montana

**K.   Insurance Agreements**

None.

**L.    Settlement Discussions**

The State Defendants do not believe this case is suitable for pretrial settlement.

**M.    Special Procedures**

None.

DATED this 20th day of November, 2023.

>Austin Knudsen
>MONTANA ATTORNEY GENERAL
>
>*/s/ Thane Johnson*
>Thane Johnson
>Michael Russell
>Alwyn Lansing
>Michael Noonan
>  *Assistant Attorneys General*
>MONTANA DEPARTMENT OF JUSTICE
>PO Box 201401
>Helena, MT 59620-1401
>
>Emily Jones
>  *Special Assistant Attorney General*
>JONES LAW FIRM, PLLC
>115 N. Broadway, Suite 410
>Billings, MT 59101
>
>ATTORNEYS FOR STATE DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that on this date, an accurate copy of the foregoing document was served electronically through the Court's CM/ECF system on registered counsel.

Dated: <u>November 20, 2023</u>         /s/ *Thane Johnson*
                                                                       Thane Johnson