Constance Van Kley
Rylee Sommers-Flanagan
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
(406) 306-0330
constance@uppersevenlaw.com
rylee@uppersevenlaw.com

Niki Zupanic
ZUPANIC LAW PLLC
P.O. Box 1982
Helena, MT 59624
Telephone: (406) 461-5178
niki@zupaniclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA; ADRIA JAWORT; RACHEL CORCORAN; MONTANA BOOK COMPANY; IMAGINE BREWING COMPANY, LLC d/b/a IMAGINE NATION BREWING COMPANY; BUMBLEBEE AERIAL FITNESS; THE WESTERN MONTANA COMMUNITY CENTER; MONTANA PRIDE; THE GREAT FALLS LGBTQ+ COMMUNITY CENTER; THE ROXY THEATER; and THE MYRNA LOY,<br>　　　　　　*Plaintiffs*,<br>　　vs.<br><br>AUSTIN KNUDSEN; ELSIE ARNTZEN; J.P. GALLAGHER,<br><br>　　　　　　*Defendants*. | Cause No.<br>CV-23-50-BU-BMM<br><br>Plaintiffs' Preliminary Pretrial Statement |

Pursuant to Local Rule 16.2(b)(1) and the Court's Order dated November 6, 2023, Plaintiffs respectfully submit the following preliminary pretrial statement.

### A. Factual Outline of the Case

House Bill 359 ("HB 359") regulates two related but distinct modes of speech and conduct: "drag story hours" and "sexually oriented performances." HB 359 imposes criminal, civil, and administrative liability upon Montanans who participate in a vast array of non-obscene, legally protected speech and expressive conduct. The law represents a legislative effort to restrict and outlaw protected speech on the basis of its content and viewpoint. Moreover, HB 359 was motivated by anti-LGBTQ+ animus.

HB 359's prohibitions have chilled Plaintiffs' and others' speech and led individuals and organizations in Montana, including Plaintiffs, unable to ascertain what behavior is legal and what is illegal. Thus, Plaintiffs have refrained from engaging in otherwise lawful and protected activity out of fear of prosecution and other liability pursuant to HB 393's provisions.

HB 359 already has led to event cancellations and caused citizens to self-censor their speech out of fear of violating the law's penalty provisions. Plaintiffs have seen events postponed indefinitely or outright canceled due to HB 359. In several instances, those who canceled or postponed the event specifically cited fear of violating HB 359.

Due to potential liability under HB 359's penalty provisions, the Imperial Sovereign Court of the State of Montana ("Imperial Court")—a Montana-based, drag-focused nonprofit organization—has modified its speech and expression to limit its risk of liability under the law. In addition to the Imperial Court, other performing and LGBTQ+ advocacy organizations—including Plaintiffs Western Montana Community Center and Great Falls LGBTQ+ Center (collectively, the "Centers"), BumbleBee Aerial Fitness, and Montana Pride—likewise have modified activities or faced pressure to do so.

Plaintiff businesses—Imagine Nation Brewing Company, Montana Book Company, The Roxy Theater, and The Myrna Loy—are either "sexually oriented businesses" as defined by HB 359 or unable to determine whether they are as a result of the bill's confusing language. Thus, they are at risk of violating the bill's penalty provisions and must

choose between complying with the law and exercising their free speech rights.

And both individual Plaintiffs—Adria Jawort and Rachel Corcoran—are directly affected by HB 359. Jawort was scheduled to give an informative lecture about the history of LGBTQ+ Montanans at the Butte-Silver Bow Public Library, but her event was canceled out of concern that she, a transgender woman, would violate HB 359. And Corcoran, a Billings public school instructor, regularly dresses in gendered costumes while engaging her students in "learning . . . activities." Because this innocent activity appears to fall within the definition of "drag story hours," Corcoran fears HB 359's civil, criminal, and occupational penalties.

### B. Basis for Federal Jurisdiction and Venue

The court has original subject matter jurisdiction because the case presents a federal question and seeks relief pursuant to federal statutes providing for the protection of civil rights. This suit arises under the United States Constitution and 42 U.S.C. § 1983.

## C. Factual Bases for Plaintiffs' Claims

1. <u>Count I: Violation of the First Amendment Right to Free Speech as Applied to Plaintiff Adria Jawort.</u> Jawort, a transgender woman, was scheduled to give a lecture on transgender and Two-Spirit history at Butte-Silver Bow Public Library. Defendant J.P. Gallagher enforced HB 359 when he canceled Jawort's speech out of fear that the lecture would violate HB 359.

2. <u>Count II: Violation of the Fourteenth Amendment Right to Equal Protection as Applied to Plaintiff Adria Jawort.</u> Jawort, a transgender woman, was scheduled to give a lecture on transgender and Two-Spirit history at Butte-Silver Bow Public Library. Defendant J.P. Gallagher canceled Jawort's speech because Jawort is transgender.

3. <u>Count IV: Violation of the First Amendment Right of Free Speech.</u> HB 359 penalizes and chills protected speech and expressive conduct. HB 359 bans non-obscene performances, whether they feature drag or not. Plaintiffs' speech and expression has been suppressed or chilled because of HB 359.

4. <u>Count V: Violation of Federal Constitutional Right to Due Process.</u> HB 359 imposes criminal penalties for speech and expressive

conduct, but Plaintiffs are unable to ascertain the scope of enforcement, rendering the law void for vagueness.

D. Legal Theories Underlying Plaintiffs' Claims

1. <u>Count I: Violation of the First Amendment Right to Free Speech as Applied to Plaintiff Adria Jawort.</u> 42 U.S.C. § 1983 authorizes individuals to bring suit against local and state government actors for violation of federal constitutional rights. Under the First Amendment, a regulation is content-based—and therefore subject to strict scrutiny—"when it draws a distinction 'on its face' regarding the message the speaker conveys or 'when the purpose and justification for the law are content based.'" *Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1204 (9th Cir. 2018) (quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 166 (2015)). Strict scrutiny demands the law be narrowly tailored to a compelling government interest. *Id.*

2. <u>Count II: Violation of the Fourteenth Amendment Right to Equal Protection as Applied to Plaintiff Adria Jawort.</u> 42 U.S.C. § 1983 authorizes individuals to bring suit against local and state government actors for violation of federal constitutional rights. The Equal Protection Clause requires adequate justification for disparate treatment of

similarly situated persons, with the level of scrutiny dependent on the nature of the classification. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439–41 (1985). The Fourteenth Amendment Equal Protection Clause protects individuals against sex-based discrimination absent the government's showing of an "exceedingly persuasive justification." *United States v. Virginia*, 518. U.S. 515, 531 (1996).

       3.    <u>Count IV: Violation of Federal Constitutional Rights of Free Speech.</u> 42 U.S.C. § 1983 authorizes individuals to bring suit against local and state government actors for violation of federal constitutional rights. A regulation is "facially content-based under the First Amendment if it 'targets speech based on its communicative content'— that is, if it 'applies to particular speech because of the topic discussed or the idea or message expressed.'" *City of Austin v. Reagan Nat'l Advert. of Austin, LLC.*, 596 U.S. 61, 69 (2022) (quoting *Reed*, 576 U.S. at 163 (brackets omitted). Viewpoint-based discrimination is "an egregious form of content discrimination." *Rosenberger v. Rector and Visitors of Univ. of Va.,* 515 U.S. 819, 829 (1995). Viewpoint-based discrimination "raises the specter that the Government may effectively drive certain ideas or viewpoints from the market place." *R.A.V. v. City of St. Paul*,

505 U.S. 377, 387 (1992) (quoting *Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.*, 502 U.S. 105, 116 (1991)). Content- and viewpoint-based restrictions are presumptively unconstitutional and subject to strict scrutiny. *Reed*, 576 U.S. at 163. Strict scrutiny demands the law be narrowly tailored to a compelling government interest. *Animal Legal Def. Fund*, 878 F.3d at 1204.

    4.    <u>Count V: Violation of the Fifth Amendment Right to Due Process.</u> 42 U.S.C. § 1983 authorizes individuals to bring suit against local and state government actors for violation of federal constitutional rights. No person may "be held criminally responsible for conduct which [they] could not reasonably understand to be proscribed." *United States v. Harriss*, 347 U.S. 612, 617 (1954). A law is impermissibly vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 254 (2012) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)).

### E. Computation of Damages

1. <u>Claims for Declaratory and Injunctive Relief.</u>  All Plaintiffs bring claims for declarative and injunctive relief.

2. <u>Plaintiff Jawort's Individual Claims.</u>  Jawort seeks compensatory and actual damages for, *inter alia*, reputational and/or professional harm and emotional pain and suffering.  Plaintiff Jawort also seeks punitive damages based on Defendant Gallagher's reckless or callous indifference to her federally protected rights.

### F. Related State or Federal Litigation

Plaintiffs are aware of no similar state or federal litigation.

### G. Proposed Additional Stipulations and Applicable Law

Plaintiffs propose the following additional stipulations as to Counts I and II:

1. On June 1, 2023, a librarian employed at BSB library emailed Jawort and informed Jawort that the lecture had been canceled.

2. Gallagher denies knowledge of the email and denies having authorized it.

3. The June 1 email stated BSB Chief Executive J.P. Gallagher and the County Attorney "decided it was too much of a risk to have a trans-person in the library."

Plaintiffs propose the following additional stipulations as to Counts IV and V:

1. Representative Mitchell stated that "[t]he reason I'm bringing this bill is because . . . drag shows in recent years have been specifically aimed at children."

2. Representative Mitchell referred to drag queens as "hyper-sexualized," stated that (1) "there's no such thing as a family-friendly drag show," (2) "there's clearly a sick agenda being pushed here" and (3) "[d]rag shows are damaging to a child's psychology and general welfare[.]"

3. At an April 4, 2023 Senate Judiciary hearing, Representative Mitchell stated, "We already prohibit children from . . . viewing obscene material, viewing pornography, going to strip clubs . . . This is not any type of First Amendment violation, and it's time we add drag shows to that list."

4. In closing on his bill, Representative Mitchell stated:

> Due to the mature themes surrounding drag shows and the exposure to inappropriate activities, children may adopt and accept certain stereotypes or attitudes that could lead to social, psychological, linguistic difficulties. Children may adopt and accept certain stereotypes or attitudes that could lead to social, psychological, linguistic difficulties. Children may also create an inadequate understanding of gender roles and experiences, which is damaging to their long-term social and emotional development.

5. Bill proponent Jeff Laszloffy stated: "there are no little kids out there begging to be told a story by a drag queen. But suddenly, for some strange reason, drag queens are begging to tell stories to little kids."

6. During a House Floor Session, Representative Mitchell stated that the reason "we have to specifically state ['drag story hour'] in the bill . . . is because all that [drag performers] have to do is just call it 'art story hour' and they get away with it[.]"

7. House Speaker Matt Regier closed discussion of HB 359 by stating that "HB 359 doesn't stop drag, it only protects youth from it."

8. Plaintiff the Imperial Sovereign Court of the State of Montana is a Montana nonprofit membership organization that produces community-based drag performances.

9. Plaintiff Rachel Corcoran is an educator in Billings Public Schools who dresses up as historical and fictional characters as a learning tool, regardless of the gender or sex of the person displayed.

10. Plaintiff Montana Book Company is an independent LGBTQ+-owned bookstore in Helena, Montana, that hosts author readings, book clubs, drag story hours, and other community events.

11. Montana Book Company has received state funds.

12. Plaintiff Imagine Brewing Company, LLC d/b/a Imagine Nation Brewing Company ("Imagine Nation") is a brewery and community center in Missoula, Montana, that hosts drag events.

13. Imagine Nation leases space from an entity that has received state funds and intends to receive state funds in the future.

14. Plaintiff Bumblebee Aerial Fitness operates an aerial arts and pole fitness studio in Helena, Montana.

15. Plaintiff the Western Montana Community Center is a LGBTQ+ community center in Missoula, Montana, that organizes community events that include drag performances.

16. Plaintiff Montana Pride is an all-ages annual statewide celebration of Montana's LGBTQ+ community, with events that include a parade, drag performances, a rally, and educational workshops.

17. Plaintiff the Great Falls LGBTQ+ Community Center is a LGBTQ+ community center in Great Falls, Montana, that organizes community events that include drag performances.

18. Plaintiff the Roxy Theater is a nonprofit community-owned theater in Missoula, Montana.

19. The Roxy Theater has received state funds.

20. Plaintiff the Myrna Loy is an independent nonprofit arts and culture center in Helena, Montana.

21. The Myrna Loy has received state funds.

## H. Proposed Deadline Relating to Joinder of Parties or Amendments of the Pleadings

Through their discovery plans, the parties have jointly proposed that the parties be permitted to join additional parties or amend their pleadings by December 15, 2023.

I.  **Controlling Issues of Law**

Plaintiffs intend to file a motion for summary judgment prior to discovery. Plaintiffs believe that the following issues of law are suitable for pretrial disposition:

1. Whether HB 359 is unconstitutional as applied to Plaintiff Jawort under the First Amendment to the United States Constitution.

2. Whether HB 359 is facially unconstitutional under the First Amendment to the United States Constitution.

3. Whether HB 359 is facially unconstitutional under the Fifth Amendment to the United States Constitution.

J.  **Identity of Individuals Likely to Have Discoverable Information**

Based on the information available to Plaintiffs to date, the following individuals may have information regarding the claims or defenses in this case:

1. J.P. Gallagher
2. Eileen Joyce
3. Shari Curtis
4. Austin Knudsen
5. Elsie Arntzen

6. Tim Burton

7. Braxton Mitchell

8. Brad Molnar

9. Chris Friedel

10. Matt Regier

11. Andrea Olsen

12. Theresa Manzella

13. Jeff Laszloffy

14. Adria Jawort

15. Rachel Corcoran

16. Annatheia Smith

17. Mitchell Locher

18. Sabrina Malacek

19. Mike Steinberg

20. Tim Graham

21. Krys Holmes

22. Chelsia Rice

23. Lauren Halverson

24. Kevin Hamm

  25.  Andy Nelson

  26.  James Bamfield

  27.  Ron Waterman

### K. Insurance Agreements

Plaintiffs have no knowledge of any insurance agreement that may cover any resulting judgment.

### L. Status of Settlement Discussions and Prospects for Compromise

Settlement discussions have not been initiated, and the likelihood of compromise is unknown at this time.

### M. Suitability of Special Procedures

Plaintiffs do not believe that this case warrants the use of any special procedures at this time.

/s/ *Constance Van Kley*
Constance Van Kley
UPPER SEVEN LAW

/s/ Niki Zupanic
Niki Zupanic
ZUPANIC LAW PLLC

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed in CM/ECF on November 20, 2023, and served upon all registered users.

/s/ *Constance Van Kley*
Attorney for Plaintiffs