Cynthia L. Walker
Shelby K. Towe
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Phone: (406) 543-6646
Fax: (406) 549-6804
cwalker@boonekarlberg.com
stowe@boonekarlberg.com
*Attorneys for Defendant J.P. Gallagher*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA; ADRIA JAWORT; RACHEL CORCORAN; MONTANA BOOK COMPANY; IMAGINE BREWING COMPANY, LLC d/b/a IMAGINE NATION BREWING COMPANY; BUMBLEBEE AERIAL FITNESS; MONTANA PRIDE; THE WESTERN MONTANA COMMUNITY CENTER; THE GREAT FALLS LGBTQ+ CENTER; THE ROXY THEATER; and THE MYRNA LOY,<br><br>Plaintiffs,<br><br>v.<br><br>AUSTIN KNUDSEN; ELSIE ARNTZEN; J.P. GALLAGHER; and THE CITY OF HELENA,<br><br>Defendants. | CV 23-50-BU-BMM<br><br><br><br><br><br><br><br><br><br>**DEFENDANT J.P. GALLAGHER'S PRELIMINARY PRETRIAL STATEMENT** |

In accordance with this Court's Order (Doc. 37) and Local Rule 16.2(b)(1), Defendant J.P. Gallagher submits the following Preliminary Pretrial Statement:

**(A)    BRIEF FACTUAL OUTLINE OF THE CASE**

The Montana Legislature passed House Bill 359 ("HB 359"), which was signed into law by Governor Greg Gianforte on May 22, 2023, and took immediate effect. HB 359 criminalizes a wide range of conduct, including "drag story hours" in schools and libraries.

Defendant J.P. Gallagher ("Gallagher") is the elected Chief Executive of the City and County of Butte-Silver Bow ("BSB"), a political subdivision of the State of Montana. (Doc. 3, ¶ 11; Doc. 21, ¶ 11.) Plaintiff Adria Jawort ("Jawort") is a journalist and author, a transgender woman, and a Two-Spirit member of the Northern Cheyenne Tribe. Jawort was scheduled to give a lecture on June 2, 2023 at the Butte-Silver Bow Public Library ("BSB Library") as part of the BSB Library's First Friday lecture series and was expected to discuss Montana Two-Spirit and transgender history.

Prior to her scheduled talk, Jawort posted the following message on Twitter:

"PROHIBITING DRAG STORY HOUR IN SCHOOLS AND LIBRARIES…"

And I will def have a book & sexuality will be discussed & minors may be present, & the State of Montana doesn't legally recognize people being trans, so…

[Photo of HB 359's definition of drag queen next to photo of Jawort]

> I do an LGBTQ/2 Spirit history lecture at a library June 2.
> I'm really entertaining at this one, too.
> #MostHumblest
> BUT this literally might be illegal in Mont. as a flamboyantly dressed trans woman.
> I don't get paid, but in fascist red state you pay state 4 "crimes" instead. 

(Doc. 19-1.)  In a social media group chat discussing doing a drag queen story hour at a church prior to her scheduled talk, Jawort stated: "I would do a drag queen story hour there and then sue for 1st Amendment.  In fact I have an event AT the Butte library June 2d talking about LGBTQ history."  (Doc. 19-2, at 7.)  On June 1, 2023, the day prior to Jawort's scheduled lecture, Gallagher called her to discuss concerns raised by her statements about possibly violating HB 359 and to request assurance that her lecture would not violate HB 359.  (Doc. 19-0, ¶ 9.)  Jawort did not speak with Gallagher or provide any such assurance.  (*Id.*)

Based on the ambiguous language of HB 359, possible criminal penalties and civil liability associated with violating HB 359, and the statements made by Jawort, Gallagher decided to cancel the lecture until BSB could ensure Jawort's talk would not violate HB 359.  Gallagher sent Jawort a letter explaining the decision to cancel her lecture and expressing interest in discussing rescheduling her lecture with assurance from her that it would not violate HB 359, so long as it remained existing Montana law.  (Doc. 19-0, ¶¶ 11-12.)  To date, Jawort has not contacted Gallagher to discuss rescheduling her lecture at the BSB Public Library.  (*Id.*, ¶ 13.)

**(B)     ISSUES CONCERNING JURISDICTION AND VENUE**

The only claims applicable to Gallagher in this action are the constitutional claims alleged by Jawort in Counts I and II of the First Amended Complaint. (Doc. 3, pp. 38-40).  This Court has subject matter jurisdiction over Jawort's claims against Gallagher pursuant to 28 U.S.C. §§ 1331 and 1343 and has personal jurisdiction over Jawort and Gallagher.  Venue is proper in the Butte Division of the District of Montana pursuant to 28 U.S.C. § 1391 and D. Mont. L.R. 3.2(b).  Gallagher is without sufficient knowledge or information to indicate whether this Court has subject matter and personal jurisdiction over any of the other parties to this action.

**(C)     FACTUAL AND LEGAL BASES OF EACH DEFENSE ADVANCED BY GALLAGHER WITH CITATIONS TO AUTHORITY**

1.     Jawort fails to state a claim against Gallagher upon which relief may be granted and her claims against him should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2.     At all times relevant to the claims alleged against Gallagher in the First Amended Complaint (Doc. 3), Gallagher was acting within the course and scope of his duties and responsibilities as an elected official and employee of BSB, entitling him to all protections afforded to him pursuant to Montana Code Annotated § 2-9-305.

3. To the extent Jawort's claims against Gallagher brought under 42 U.S.C. § 1983 are alleged against him in his official capacity, such claims are not viable as they are merely another way of pleading a cause of action against BSB. *Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985).

4. Gallagher's actions were objectively reasonable based on the totality of the facts and circumstances known to him, entitling him to qualified immunity from Jawort's claims against him. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

5. "[Q]ualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

6. Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

7. Gallagher acted in objective and reasonable reliance on existing state law, HB 359.

8. Neither Gallagher nor BSB violated, or caused a violation of, any of Jawort's federal constitutional rights.

9. BSB's decision to cancel Jawort's talk was not because she is transgender, because she wears makeup, and/or because she intended to speak about LGBTQ+ issues, as alleged in Paragraph 71 of her First Amended Complaint (Doc. 3).

10. Gallagher and BSB were not able to determine whether Jawort's lecture scheduled at the BSB Library on June 2, 2023, would violate HB 359, which went into effect on May 22, 2023, and Jawort refused to provide assurance to BSB that her lecture would not violate HB 359.

11. Pursuant to HB 359 § 3(2), a library that receives any form of funding from the state, such as the BSB Public Library, may not allow a drag story hour as defined in HB 359 § 1 on its premises during regular operating hours.

12. Pursuant to HB 359 § 3(4), a library or library personnel, a public employee, an entity described in subsection (3)(b) (i.e., a location owned by an entity that receives any form of funding from the state), or an employee of the entity convicted of violating the prohibition under HB 359 § 3 shall be fined $5,000.

13. Pursuant to HB 359 § 4(1), a minor who attends a performance in violation of § 3 may bring an action within 10 years from the date the cause of action accrues against a person who knowingly promotes, conducts, or participates as a performer in the performance. If the minor, or person bringing suit on the minor's behalf, prevails, the court shall award actual damages, including damages for psychological, emotional, economic, and physical harm, reasonable attorney fees and costs incurred in bringing the action, and statutory damages of $5,000.

14. In the event Jawort's talk were to have violated HB 359, BSB and/or its employees could have been subjected to possible criminal penalties and civil liability.

15. Without Gallagher's knowledge or approval, a librarian at the BSB Library sent an email to numerous people, including Jawort, on June 1, 2023, stating Jawort's talk on June 2, 2023 was cancelled because Gallagher and the BSB County Attorney "have decided that it is too much of a risk to have a trans-person in the library." The statement by the librarian was not accurate and was not authorized by BSB. (Doc. 19-0, ¶ 7.)

16. On June 1, 2023, Gallagher attempted to communicate with Jawort to reach a compromise that would have allowed her to give her scheduled talk at the BSB Library, but she declined to speak with him. (Doc. 19-0, ¶ 9.)

17. On June 2, 2023, Gallagher sent a letter to Jawort explaining BSB's decision to cancel her talk and expressing interest in rescheduling her talk at the BSB Library with Jawort's assurance and appropriate parameters in place to ensure that HB 359, while it remains law, will not be violated. (Doc. 19-0, ¶ 11.)

18. Jawort refused to provide assurance that her lecture would comply with HB 359 and has not attempted to reschedule her talk at the BSB Library. (Doc. 19-0, ¶ 13.)

19. On June 8, 2023, Jawort's attorney sent a litigation hold letter to BSB County Attorney stating Jawort will provide no assurance that she will comply with HB 359. The letter also stated Jawort intends to file a federal lawsuit for deprivation of her constitutional rights under the First and Fourteenth Amendments, which is what occurred.

20. On June 20, 2023, Jawort gave the same talk she had planned to give at the BSB Library at the Carpenter's Union Hall, located across the street from the BSB courthouse on Granite Street in Butte, Montana. Despite this, Jawort realleged her constitutional claims against Gallagher in the First Amended Complaint (Doc. 3) filed on July 17, 2023. (Doc. 19-0, ¶ 14.)

21. On July 28, 2023, the Court issued a temporary restraining order (Doc. 13) enjoining Defendants Austin Knudsen and Elsie Arntzen from enforcing HB 359.

22. On August 3, 2023, BSB extended another invitation to Jawort to speak at the BSB Library. To date, Jawort has not contacted BSB to schedule a time to speak at the BSB Library. (Doc. 19-0, ¶ 15.)

23. No policy, custom, or practice of BSB is at issue in this action or caused a violation of Jawort's federal constitutional rights.

24. Neither Gallagher nor BSB was the "moving force" behind any conduct alleged to violate Jawort's federal constitutional rights. *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019).

25. The decision to cancel Jawort's lecture was viewpoint- and content-neutral and was reasonable in light of HB 359 and Jawort's statements.

26. The government has broad discretion in deciding what private speech to make available to the public and libraries have broad discretion to decide what

material to provide to their patrons. *United States v. Am. Library Ass'n*, 539 U.S. 194, 204-205 (2003).

27. In the event Jawort's talk at the BSB Library would have constituted government speech, it would have been stripped of all First Amendment protection under the Free Speech Clause. *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200 (2015); *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009).

28. Gallagher, and all authorized BSB policymakers or officials, acted in a manner substantially related to an important governmental interest (i.e., compliance with existing Montana law).

29. Neither Gallagher nor any authorized policymaker or other representative of BSB treated Jawort differently than other similarly situated persons based upon her gender, gender identity, or membership in any protected class.

30. Neither Gallagher, nor any authorized policymaker or other representative of BSB, acted with an intent or purpose to discriminate against Jawort based upon her gender, gender identity, or membership in any protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Washington v. Davis*, 426 U.S. 229, 239-40, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976).

31. There was a rational basis for BSB's cancellation of Jawort's lecture at the BSB Library (i.e., compliance with existing Montana law).

32. Neither Gallagher nor any representative of BSB stated or suggested that Jawort posed a threat to minors.

33. Neither Gallagher nor any representative of BSB harmed Jawort's reputation as a speaker and/or writer on gender identity or any other issue.

34. Jawort was not damaged in the manner or to the extent claimed.

35. The alleged damages sought by Jawort are not certain or capable of being made certain by calculation.

36. Jawort failed to mitigate her alleged damages as required by law, which precludes or reduces her claimed damages.

37. Gallagher is immune from punitive damages in his official capacity because punitive damages are not recoverable against a municipality. *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981); Mont. Code Ann. § 2-9-105.

38. Gallagher did not act with actual malice, or an evil motive or intent, or with a reckless or callous indifference to Jawort's constitutional rights, and Jawort therefore may not recover punitive damages against Gallagher in his individual capacity. Mont. Code Ann. § 27-1-221.

39. An award of punitive damages against Gallagher in his individual capacity would be a violation of his constitutional rights, including, but not limited to, due process and excessive fines and punishments.

40. If Gallagher is the prevailing party on Jawort's constitutional claims against him, Gallagher is entitled to seek recovery of reasonable attorneys' fees and costs incurred in defending against those allegations. 42 U.S.C. § 1988.

41. Jawort's attorneys failed to file a copy of the contract showing the terms of the fee arrangement between them and Jawort as required by Montana Code Annotated § 2-9-314. As a result, Jawort's attorneys forfeit the right to any fees they may have collected or been entitled to collect. Mont. Code Ann. § 2-9-314(4).

**(D)  COMPUTATION OF DAMAGES**

Gallagher is not seeking recovery of compensatory damages from Jawort but he may seek recovery of reasonable attorney fees and costs as allowed by law.

**(E)  PENDENCY OR DISPOSITION OF ANY RELATED STATE OR FEDERAL LITIGATION**

Defendants Austin Knudsen and Elsie Arntzen recently filed a Preliminary Injunction Appeal to the United States Court of Appeals for the Ninth Circuit. (Doc. 38).

**(F)  PROPOSED ADDITIONAL STIPULATIONS OF FACT AND THE PARTIES' UNDERSTANDING AS TO WHAT LAW APPLIES**

In addition to the matters admitted by Gallagher in his answer (Doc. 21) and the Statement of Stipulated Facts agreed upon by him and Jawort, Gallagher proposes the following additional stipulations of fact:

1. In a social media group chat discussing doing a drag story at a church prior to her scheduled lecture at the BSB Public Library, Jawort stated: "I would do a drag queen story hour there and then sue for 1st Amendment. In fact I have an event AT the Butte library June 2d talking about LGBTQ history."

2. Unbeknownst to Gallagher and without authorization from BSB, a librarian employed at the BSB Public Library emailed numerous people, including Jawort, on June 1, 2023, informing them Jawort's lecture had been cancelled.

3. Gallagher did not have knowledge of the email sent by the BSB Public Library librarian and did not authorize it.

4. On June 20, 2023, Jawort gave the same talk she had planned to give at the BSB Library at the Carpenter's Union Hall, which is located across the street from the BSB courthouse on Granite Street in Butte, Montana. On August 3, 2023, BSB extended another invitation to Jawort to speak at the BSB Library. To date, Jawort has not contacted BSB to schedule a time to speak at the BSB Library.

**(G)  PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF THE PLEADINGS**

Gallagher and Jawort agreed to a Joint Proposed Pre-Trial Schedule that provides for a deadline of December 15, 2023, for joinder of parties and amendment of pleadings.

**(H)  IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION**

Gallagher identifies the following controlling issues of law suitable for pretrial disposition:

1.  Whether Counts I and II should be dismissed because the undisputed facts establish that Gallagher did not violate any of Jawort's federal constitutional rights.

2.  Whether Jawort's claims against Gallagher should be dismissed because Gallagher is entitled to qualified immunity from such claims.

3.  Whether Jawort failed to mitigate her alleged damages.

4.  Whether Jawort's claim of punitive damages against Gallagher should be dismissed because he is immune from punitive damages.

5.  Whether Jawort's attorneys forfeited the right to any fees they may have collected or been entitled to collect due to their failure to file a copy of the contract of employment showing the terms of the fee arrangement between them and Staton pursuant to Montana Code Annotated § 2-9-314(4).

**(I) THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL KNOWN OR BELIEVED TO HAVE INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES, AND A SUMMARY OF THAT INFORMATION**

Gallagher identifies the following individuals known or believed to have information that may be used in proving or denying any party's claims or defenses, along with a summary of the information believed to be possessed by each individual, and the individual's current contact information, if known:

1. Plaintiff Adria Jawort

Presumably, Jawort has knowledge of the factual bases of her liability and damages claims against Gallagher at issue in this proceeding.

2. The following is a list of BSB officials and employees who, in their respective capacities, have knowledge of the events in which they were involved at issue in this matter, c/o Boone Karlberg P.C., P.O. Box 9199, Missoula, Montana 59807-9199, (406) 543-6646:

    a. BSB Chief Executive J.P. Gallagher

    b. BSB County Attorney Eileen Joyce

    c. BSB Public Library Director Stephanie Johnson

    d. BSB librarian Shari Curtis

**(J) <u>A COPY OR DESCRIPTION OF DOCUMENTS, DATA COMPILATIONS, OR TANGIBLE THINGS THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES</u>**

The following is a description of documents, data compilations, or tangible things that may be used to prove the defenses asserted by Gallagher:

1. Twitter post by Jawort. (Doc. 19-1.)

2. Social media group chat. (Doc. 19-2.)

3. 6-2-2023 Email from Eileen Joyce to Jawort's attorney with Gallagher letter to Jawort. (Doc. 19-3.)

4. 7-17-2023 Declaration of Adria Jawort. (Doc. 5-2.)

5. Declaration of J.P. Gallagher. (Doc. 19-0.)

    6.    Declaration of Eileen Joyce.  (Doc. 20.)

    7.    HB 359.

**(K)** **THE SUBSTANCE OF ANY INDEMNITY AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT**

At the time of the alleged events set forth in the First Amended Complaint for Damages (Doc. 3), BSB was a participant in the Montana Municipal Interlocal Authority (MMIA).  A defense is being provided to Gallagher through MMIA under a reservation of rights to deny coverage or further defense at any time in the event an exclusion of coverage exists.  MMIA is a group funded self-insurance pool authorized by Montana Code Annotated § 2-9-211 and §§ 7-11-101, *et seq*. "Coverage" of any asserted claim is governed by the Memorandum of Liability Coverage which contains the terms, conditions, exclusions, and limitations applicable to the group self-insurance program provided by and to members of the self-insurance pool.  "Policy Limits" are $750,000/$1.5 million.  A copy of the applicable Memorandum of Liability Coverage effective July 1, 2019, will be provided to Jawort's counsel with Gallagher's Initial Disclosure.

**(L)** **STATUS OF ANY SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE OF THE CASE**

To date, no settlement discussions have occurred.  However, compromise of Jawort's claims against Gallagher at issue in this proceeding may be a possibility.

**(M)** <u>**SUITABILITY OF SPECIAL PROCEDURES**</u>

Gallagher is not aware of any special procedures that may be suitable in this case. The parties have agreed to work jointly on the terms of a Stipulated Protective Order to govern the production of confidential information, including financial or healthcare information, which may be produced or otherwise disclosed during litigation by any party or non-party.

This Preliminary Pretrial Statement represents a good faith effort to identify information Gallagher reasonably believes may be relevant to the claims alleged against him at this point in time. Gallagher does not, however, represent that this Statement identifies every fact, document, tangible thing, witness, or legal issue relevant to this case. Gallagher reserves the right to supplement, amend, or modify this Statement as required or otherwise allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

DATED this 20th day of November, 2023.

/s/ Cynthia L. Walker
Cynthia L. Walker
BOONE KARLBERG P.C.
*Attorneys for Defendant J.P. Gallagher*