Austin Knudsen
 *Montana Attorney General*
Michael Russell
Thane Johnson
Alwyn Lansing
Michael Noonan
 *Assistant Attorneys General*
MONTANA DEPARTMENT OF JUSTICE
PO Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
Fax: (406) 444-3549
Michael.Russell@mt.gov
Thane.Johnson@mt.gov
Alwyn.Lansing@mt.gov
Michael.Noonan@mt.gov

*Attorneys for Austin Knudsen and Susie Hedalen*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA; ADRIA JAWORT; RACHEL CORCORAN; MONTANA BOOK COMPANY; IMAGINE BREWING COMPANY, LLC d/b/a IMAGINE NATION BREWING COMPANY; BUMBLEBEE AERIAL FITNESS; THE WESTERN MONTANA COMMUNITY CENTER; THE GREAT FALLS LGBTQ+ CENTER; THE ROXY THEATER; and THE MYRNA LOY, <br><br> Plaintiffs, <br><br> v. <br><br> AUSTIN KNUDSEN; SUSIE HEDALEN; and J.P. GALLAGHER, <br><br> Defendants. | Cause No. 2:23-cv-50-BMM <br><br> **AUSTIN KNUDSEN AND SUSIE HEDALEN'S FED. R. CIV. P. 26 INITIAL DISCLOSURES** |
|---|---|

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Austin Knudsen and Susie Hedalen ("State Defendants") respectfully submit the following initial disclosures. In so doing, State Defendants note that these disclosures reflect the <u>current status</u> of their investigation and discovery to date and may be supplemented going forward. State Defendants construe Rule 26(a)(1)(A) not to require production of any information or documents protected any privilege or protection, including, but not limited to attorney-client privilege and attorney work-product. State Defendants intend to and do assert privilege with respect to all such information and documents and any inadvertent disclosure shall not constitute a waiver of any such privilege or protection.

## I.    Disclosure of Individuals with Discoverable Information

The initial disclosure requirements of Fed. R. Civ. P. 26(a)(1(A)(i) are expressly limited to identification of individuals likely to have discoverable information that the disclosing party may use to support their claims or defenses, unless solely for impeachment. State Defendants reserve the right to supplement or amend their identification of individuals under this rule, if necessary, or to

supplement their disclosures through the course of discovery in this proceeding. Based on the information reasonably available to State Defendants at this time, the following are the names and, if known, the last known addresses of individuals who may have discoverable information that State Defendants may use to support their claims or defenses.

A.    State Defendants, and their staff, employees, and agents, will likely have discoverable information regarding claims or defenses State Defendants intend to assert in this litigation, including but not limited to HB 359 being constitutional under the First Amendment to the United States Constitution; that HB 359 is not unconstitutionally vague or overbroad; and that it does not violate either the due process or equal protection provisions under the Fifth Amendment to the United States Constitution. All State Defendants, and their staff, employees, and agents, should be contacted only through counsel:

| Name/Position | Discoverable Information |
|---|---|
| Austin Knudsen, Montana Attorney General (**through a Rule 30(b)(6) designee**) | Likely to have discoverable information regarding the State's interpretation of HB 359, any consideration of enforcement authority or enforcement actions under the statute, and the Attorney General's role (if any) in enforcing or declining to enforce its provisions. |

| | |
|---|---|
| Susie Hedalen, Montana Superintendent of Public Instruction **(through a Rule 30(b)(6) designee)** | Likely to have discoverable information regarding any complaints brought under HB 359 regarding public schools, any consideration of enforcement or implementation by the Office of Public Instruction, and the Superintendent's authority (or lack thereof) to enforce specific provisions of the statute. |

B.     State Defendants anticipate that current and former employees, agents, and associates of Plaintiffs may have discoverable information related to the allegations raised by Plaintiffs in this litigation, including but not limited to: alleged harms; alleged claims; and applicability of HB 359 to their conduct. Based on the information reasonably available to the State Defendants at this time, the following individuals possess discoverable information related to claims and defenses State Defendants intend to assert in this litigation. State Defendants reserve the right to supplement or amend their identification of individuals, if necessary, or to supplement their disclosures through the course of discovery in this proceeding:

| Name | Discoverable Information |
|---|---|
| Adria Jawort | Likely to have information regarding public lectures, presentations, personal appearance and presentation style, the cancellation of the Butte-Silver Bow Public Library event, and any modifications or self-censorship of speaking engagements. |

| Rachel Corcoran | Likely to have information regarding her classroom costume activities, character portrayals, lesson plans, educational purposes, and any claimed fear of enforcement or professional penalties under HB 359. |
|---|---|
| Imperial Sovereign Court of the State of Montana (through Annatheia Smith, its officers, directors, or Rule 30(b)(6) designee) | Likely to have information regarding its organizational activities, events, drag performances, member events, age policies, and any claimed chilling effect from HB 359. |
| Montana Book Company (through Chelsia Rice, employees, or other Rule 30(b)(6) designee) | Likely to have information regarding its drag events, author events, children's programming, attendee demographics, state funding (if any), and any event modifications or cancellations due to HB 359. |
| Imagine Nation Brewing Company (through its owners, managers, employees, or Rule 30(b)(6) designee) | Likely to have information regarding its taproom/sample room operations, drag and performance events, age policies, alcohol service, state funding or licensing, and any claimed impact from HB 359. |
| Bumblebee Aerial Fitness (through Sabrina Malecek, its employees, owners or Rule 30(b)(6) designee) | Likely to have information regarding its aerial/pole fitness events, performances, costumes, and any modifications made in response to HB 359. |
| Montana Pride (through Kevin Hamm, its officers or Rule 30(b)(6) designee) | Likely to have information regarding its events, parades, drag performances on public property, and attendee demographics (including minors). |

| | |
|---|---|
| Western Montana Community Center (through its officers, employees, or Rule 30(b)(6) designee) | Likely to have information regarding its community events, drag performances, age-based event curation, and any claimed chilling effect from HB 359. |
| Great Falls LGBTQ+ Community Center (through its officers, employees, or Rule 30(b)(6) designee) | Likely to have information regarding its community events, drag performances, and any modifications or cancellations due to HB 359. |
| The Roxy Theater (through Mike Steinberg, its officers, employees, or Rule 30(b)(6) designee) | Likely to have information regarding its performance schedule, drag or live events, alcohol service, state funding (if any), and any age restrictions or modifications related to HB 359. |
| The Myrna Loy (through Krys Holmes, its officers, employees, or Rule 30(b)(6) designee) | Likely to have information regarding its performance space (former county jail), events, alcohol service, lease with Lewis and Clark County, state funding (if any), and any claimed impact from HB 359. |

## II. Disclosure of Documents and Things Supporting Claims or Defenses

The initial disclosure requirements of Fed. R. Civ. P. 26(a)(1(A)(ii) are expressly limited to documents, electronically stored information, and tangible things that are in the possession, custody, or control of the disclosing party and that the disclosing party may use to support its claims or defenses unless used solely for impeachment. These disclosures do not constitute an admission as to the existence, relevance, or admissibility of the identified materials or a waiver of

any applicable privilege or immunity, including the attorney-client privilege and work-product protection. State Defendants reserve the right to supplement or amend the items identified under Fed. R. Civ. P. 26(a)(1)(A)(ii), if necessary, at a later time, or to supplement them through the course of discovery in this proceeding. State Defendants expressly reserve the right to use documents, electronically stored information, or tangible things not referred to herein.

**A.** Subject to the foregoing, State Defendants identify the following categories of documents, data compilations, and tangible things believed to be currently in their possession, custody, or control that they may use to support their claims or defenses:

**1.** House Bill 359 (2023)

State Defendants continue to search for additional documents and information that they may use to support their claims or defenses and reserve the right to supplement this information with additional documents or information that may become available during this litigation. State Defendants may also rely on publicly available documents, documents produced by other parties, or documents produced by nonparties in this or other litigation.

**B.** State Defendants also identify the following categories of documents, data compilations, and tangible things believed to be currently in the possession, custody, or control of Plaintiffs and/or Plaintiffs' counsel:

**1.** Documents of schedules, flyers, records, slides, notes, scripts, recordings, or promotional materials for any events and performances from January 1, 2023, to the present involving any Plaintiff, where the events and performances took place, and whether minors were present.

**2.** Photographs, videos, audio recordings, or other visual or audiovisual materials depicting any events and performances from January 1, 2023, to the present involving any Plaintiff.

**3.** Documents, including research, articles, expert reports, or materials, any Plaintiff has obtained or reviewed concerning the effects (or lack thereof) of sexualized content on minors.

**4.** Documents regarding state funding any Plaintiff has received since January 1, 2023, including the source, amount, date received, and purpose. It also includes lease agreements.

**5.** Documents, filings, licenses, NAICS codes, public statements, or communications in which specific Plaintiffs have ever represented, classified, or self-identified as a nightclub, bar, or restaurant. This may include Montana Department of Revenue Registration filings, alcoholic beverage license applications or renewals, zoning documentation, and any other state, local, or public filing or statement on this issue.

## III.  Computation of Damages

State Defendants are not seeking damages from Plaintiffs. State Defendants seek a dismissal of all of Plaintiffs' claims against HB 395.

## IV.  Insurance Agreements

None.

DATED this 27th day of April 2026.

Austin Knudsen
  *Montana Attorney General*

*/s/ Michael Noonan*
Michael Noonan
Michael Russell
Thane Johnson
Alwyn Lansing
  *Assistant Attorneys General*
MONTANA DEPARTMENT OF JUSTICE
PO Box 201401
Helena, MT 59620-1401

*Attorneys for Austin Knudsen and Susie Hedalen*

## CERTIFICATE OF SERVICE

I certify that on April 27, 2026, I served an accurate copy of the foregoing document electronically on registered counsel through the Court's CM/ECF system.

Dated: <u>April 27, 2026</u>        <u>*/s/ Michael Noonan*</u>
                              Michael Noonan