# Exhibit 1

House Bill 359, Version 1

(Introduced Jan. 28, 2023)

HOUSE BILL NO. 359

INTRODUCED BY B. MITCHELL, S. GUNDERSON, M. MALONE, S. KERNS, J. SCHILLINGER, C. KNUDSEN, S. GIST, K. ZOLNIKOV, S. ESSMANN, P. FIELDER, S. VINTON, L. REKSTEN, L. SHELDON-GALLOWAY, M. REGIER, T. MOORE, M. BERTOGLIO, L. BREWSTER, J. CARLSON, J. HINKLE, B. LER, A. REGIER, K. SEEKINS-CROWE, S. GALLOWAY, F. NAVE, R. MARSHALL, E. BUTTREY, L. JONES, D. LOGE, B. KEENAN, C. HINKLE, J. READ, R. FITZGERALD, J. GILLETTE, G. OBLANDER, J. BERGSTROM, T. BROCKMAN, G. PARRY, M. YAKAWICH, J. FULLER, M. CUFFE, S. HINEBAUCH, T. MCGILLVRAY, M. NOLAND, D. LENZ, D. BARTEL, C. FRIEDEL, B. GILLESPIE, D. SALOMON, C. GLIMM, K. BOGNER, M. LANG, P. GREEN, G. KMETZ, T. FALK, C. SPRUNGER, B. BARKER, J. ETCHART, R. MINER, J. TREBAS, J. KASSMIER, B. PHALEN, L. DEMING, L. HELLEGAARD, T. SMITH, S. VANCE, F. MANDEVILLE, T. VERMEIRE, Z. WIRTH, N. DURAM, R. KNUDSEN, N. HASTINGS

A BILL FOR AN ACT ENTITLED: “AN ACT PROHIBITING MINORS FROM ATTENDING DRAG SHOWS; PROHIBITING MINORS FROM ENTERING SEXUALLY ORIENTED BUSINESSES; PROHIBITING DRAG PERFORMANCES IN LIBRARIES OR SCHOOLS THAT RECEIVE STATE FUNDING; PROVIDING DEFINITIONS; AND PROVIDING PENALTIES.”

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MONTANA:

NEW SECTION. **Section 1. Definitions.** As used in [sections 1 through 2], the following definitions apply:

(1) "Drag performance" means a performance in which a performer exhibits a gender identity that is different than the performer's gender assigned at birth using clothing, makeup, or other physical markers and sings, lip syncs, dances, or otherwise performs for entertainment to appeal to a prurient interest.

(2) "Nude" means:

(a) entirely unclothed; or

(b) clothed in a manner that leaves uncovered or visible through less than fully opaque clothing any portion of the breast below the top of the areola of the breasts if the person is female or any portion of the

genitals or buttocks.

(3) "Sexually oriented business" means a nightclub, bar, restaurant, or similar commercial enterprise that:

(a) provides for an audience of two or more individuals:

(i) live nude entertainment or live nude performances; or

(ii) a drag performance; and

(b) authorizes on-premises consumption of alcoholic beverages.

NEW SECTION. **Section 2. Restrictions on sexually oriented businesses -- penalty.** (1) A sexually oriented business may not allow a person under 18 years of age to enter the premises of the business.

(2) The owner, operator, manager, or employee of a sexually oriented business who is convicted of violating this section shall be fined not less than $1,000 or more than $5,000 for the first offense, not less than $2,500 or more than $5,000 for the second offense, and for third and subsequent offenses be fined $10,000 and, if applicable, the county or municipality shall revoke the business license held by the offender.

NEW SECTION. **Section 3. Drag performances prohibited in publicly funded libraries or schools.** (1) A library that receives any form of funding from the state may not allow a drag performance as defined in [section 1] on its premises during its regular operating hours.

(2) A school that receives any form of funding from the state may not allow a drag performance as defined in [section 1] on its premises during school hours or at any school-sanctioned extracurricular activity.

(3) A library, a school, or library or school personnel convicted of violating the prohibition under this section shall be fined $5,000 and, if applicable, the board of public education shall initiate proceedings to suspend the teacher, administrator, or specialist certificate of the offender under 20-4-110 for 1 year. If an offender's certificate has previously been suspended pursuant to this subsection (3), the board of public education shall initiate proceedings to permanently revoke the teacher, administrator, or specialist certificate of the offender under 20-4-110 on a subsequent violation of this section.

NEW SECTION. **Section 4. Codification instruction.** (1) [Sections 1 and 2] are intended to be

codified as an integral part of Title 45, chapter 8, and the provisions of Title 45, chapter 8, apply to [sections 1 and 2].

(2) [Section 3] is intended to be codified as an integral part of Title 20, chapter 7, part 1, and the provisions of Title 20, chapter 7, part 1, apply to [section 3].

- END -