Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin M. Cocilova
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
(406) 998-6067
rylee@uppersevenlaw.com
molly@uppersevenlaw.com
caitlin@uppersevenlaw.com

Constance Van Kley
VAN KLEY LAW PLLC
P.O. Box 451
Missoula, MT 59806
(605) 517-0673
constance@vankleylaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AUSTIN KNUDSEN; SUSIE HEDALEN; and J.P. GALLAGHER,<br><br>*Defendants.* | Cause No.<br>CV-23-50-BU-BMM<br><br>Hon. Brian Morris<br><br>**Plaintiffs' Brief in Opposition to Rule 56(d) Motion** |

## INTRODUCTION

In affirming this court's order preliminarily enjoining HB 359, the Ninth Circuit was unequivocal: "Plaintiffs have standing to challenge H. B. 359." *Imperial Sovereign Ct. of Mont. v. Knudsen*, 170 F. 4th 820, 833 (9th Cir. 2026). Nonetheless, Defendants Austin Knudsen and Susie Hedalen ("the State") assert they must conduct onerous 30(b)(6) depositions to determine whether Plaintiffs have standing to challenge Section 2(1)'s speech restrictions on "sexually oriented businesses."

The discovery the State seeks involves deposing six Plaintiffs—including several that make no claim to being "sexually oriented businesses"—for up to seven hours each, on nineteen separate topics, many of which are wholly unrelated to Section 2(1). The depositions come on the heels of extensive written discovery (approximately 350 requests served on these six Plaintiffs alone), to which Plaintiffs responded in good faith, despite their position that no material factual issues exist.

Because the State fails to show why the facts it seeks would preclude summary judgment, the Court should deny the State's motion.

## LEGAL STANDARD

Summary judgment is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A court may defer ruling on summary judgment if the non-moving party "identif[ies] by affidavit the specific facts that that further discovery would reveal, and explain[s] why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th 2006). District court orders denying additional discovery are reviewed for abuse of discretion. *Id.*

## ARGUMENT

The State fails to meet its burden under Rule 56(d). The State asserts that it needs additional information about Plaintiffs' standing to challenge HB 393's speech restrictions on "sexually oriented businesses" under Section 2(1). Dkt. 85, Defs.' Mot. for Discovery under Fed. R. Civ P. 56(d), 6–7 ("State's 56(d) Mot."); Dkt. 85-1, Decl. of Michael Noonan, ¶ 6 ("Noonan Decl."). But the Ninth Circuit has already conclusively resolved that Plaintiffs have standing. And even if there remained any dispute, the State's motion seeks either 1) information that is either already established in the record or immaterial to its defense, or 2) broad

categories of discovery that fall far short of the "specified reasons" required by Rule 56(d). The Court should deny the motion.

### A. The Ninth Circuit has already resolved standing.

The State fails to address the fact that the Ninth Circuit has already held that sufficient facts in the record establish that at least one Plaintiff—the Roxy Theater—has standing to challenge the restrictions on "sexually oriented businesses." *See Imperial Sovereign*, 170 F. 4th at 835–36 (finding that "the Roxy Theater . . . attests that it has presented, and intends to continue presenting, films and live performances that are not rated by the MPAA but appear to qualify as sexually oriented performances," that "these unrated films and performances are arguably proscribed by Section 2(1)," and "[t]hus the Roxy theater has demonstrated the injury-in-fact required to bring a pre-enforcement challenge to Section 2(1)."). Because, "one plaintiff with standing . . . is enough," further discovery is unnecessary. *Id.* at 834. The State necessarily fails to explain how additional discovery may "preclude summary judgment" as to Section 2(1). *Tatum*, 441 F.3d at 1100.

### B. The State fails to carry its burden under Rule 56(d).

Even if the Ninth Circuit had not already resolved standing, the State fails to meet its burden to delay summary judgment. A party that seeks additional discovery under Rule 56(d) bears must show 1) that it seeks specific facts, 2) that "the facts sought exist," and 3) that the facts are "essential to oppose summary judgment." *Rocky Mountain Biologicals Inc. v. Microbix Biosys. Inc.*, 986 F. Supp. 2d 1187, 1201 (D. Mont. 2013) (quoting *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortgage*, 525 F.3d 822, 827 (9th Cir.2008)). The party must also "make clear what information is sought <u>and</u> how it would preclude summary judgment." *Id.* (emphasis added). Courts should deny Rule 56(d) motions where "a party moving for summary judgment provides evidence that affirmatively 'negates the factual issues which the opposing party claims remain controverted." *Whitford v. Orrino*, No. CV 22-12-H-SEH, 2022 WL 17495831 at *2 (D. Mont. Dec. 7, 2022).

As an initial matter, the State seeks discovery with respect to four Plaintiffs—the Imperial Sovereign Court of the State of Montana, the Great Falls LGBTQ+ Community Center, the Western Montana Community Center, and the Montana Book Company—who do not claim

to arguably fall within the definition of a sexually oriented business. As such, the discovery the State seeks with respect to these Plaintiffs is wholly immaterial to its stated defense.[1] For example, the State fails to explain how investigating whether Plaintiffs who do not assert standing under the definition of sexually oriented businesses are restaurants is relevant to its defense, much less how depositions may divulge specific facts that would preclude summary judgment. State's 56(d) Mot., 7–8. Standing does not depend on whether these Plaintiffs are restaurants. Thus, this is not an appropriate basis for Rule 56(d) discovery. *See, e.g.*, *Rocky Mountain Biologicals*, 986 F. Supp. at 1203 (denying Rule 56(d) motion as to discovery that was immaterial to the claims); *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (denial of additional time for discovery appropriate where discovery sought was unrelated to basis for summary judgment motion); *State of Cal. on behalf of Cal. Bd. of Toxic Substances & Ctrl. v. Campbell*, 138 F.3d 772, 779–

[1] For the same reason, the proposed depositions of these Plaintiffs are not proportional to the needs of the case, and the Court should issue a protective order precluding the depositions. *See, e.g.*, Dkt, 82, Pls.' Mot. for Protective Ord.; Dkt. 83, Pls.' Br. in Supp. of Mot. for Protective Ord.

80 (9th Cir. 1998) (no extra time for discovery where facts sought did not exist and were not relevant to parties' actual claims).

With respect to the Plaintiffs that seemingly do fall within HB 359's definition of a "sexually oriented business"—the Roxy Theater and the Myrna Loy—the State identifies four sets of information it seeks. Dkt. 85, Defs.' Mot. for Discovery under Fed. R. Civ P. 56(d), 6–7 ("State's 56(d) Mot."); Dkt. 85-1, Decl. of Michael Noonan, ¶ 6 ("Noonan Decl.").

First, the State seeks to identify whether either Plaintiff authorizes on-premises consumption of alcoholic beverages. State 56(d) Mot., 8; Noonan Decl. ¶ 9(e). But this fact is affirmatively established in the record and cannot reasonably be questioned. Dkt. 81-13, Declaration of Sara Ferguson ¶ 11 ("Ferguson Decl.") (establishing that the Roxy Theater authorizes on premise consumption of alcoholic beverages); Dkt. 81-__, Declaration of Benji Cosgrove, ¶ 11 ("Cosgrove Decl.") (same). As such, the Court should deny the motion with respect to this issue. *Rocky Mountain Biologicals*, 986 F. Supp. at 1201-02 (denying Rule 56(d) motion where information sought was already established by affidavit).

Second, the State seeks discovery into whether Plaintiffs claim to operate as, actually operate as, or hold themselves out as a restaurant or

a commercial enterprise similar to a bar, nightclub, or restaurant. Noonan Decl. ¶ 8(a)–(b). But this information is also affirmatively established in the record. *Cf. Rocky Mountain Biologicals*, 986 F. Supp. At 1201-02. As the State concedes, both Plaintiffs are retail food establishments, with retail food licenses. State 56(d) Mot., 7. And the record affirmatively establishes that both Plaintiffs provide bar services at their establishments. Ferguson Decl. ¶ 11 (establishing that the Roxy Theater sells beer and wine to people 21 and over); Cosgrove Decl., ¶ 11 (noting that the Myrna Loy has an on-site pub).

To the extent the State seeks to show that these Plaintiffs are not bars, restaurants, nightclubs or similar commercial enterprises, it does not identify which facts it seeks to identify that would rebut this evidence. *See Rocky Mountain Biologicals*, 986 F. Supp. at 1201-02. Importantly, HB 393 does not provide any criteria for determining whether an entity is "similar to" a restaurant, nightclub, or bar. Nor does the State explain how the extent and nature of alcohol service or the Plaintiffs' primary business purpose or sources of revenue are material to whether Plaintiffs arguably fall within the statue's ambit, much less identify specific facts it might obtain that would preclude summary

judgment on this issue. *Cf. Rocky Mountain Biologicals*, 986 F. Supp. At 1202–03 ("mere hope that further evidence may develop . . . is insufficient to support" a Rule 56(d) motion).

Moreover, whether Plaintiffs "claim to be" or "hold themselves out as" a bar, nightclub, restaurant, or similar commercial establishment is irrelevant. At issue is whether Plaintiffs intend to engage in activities that are arguably subject to the law's provisions. *Imperial Sovereign*, 140 F.4th at 834. The fact that the State has not disavowed enforcement against Plaintiffs is strong evidence that it considers them to meet the relevant definitions. *Id.* It is a legal—not factual—question whether a business that serves food and alcohol to patrons attending films and live performances is sufficiently "similar to" a restaurant, nightclub, or bar to arguably fall within HB 359's reach, triggering the First Amendment's prohibition on chilling lawful speech. And the Ninth Circuit already resolved that legal question.

Third, the State seeks discovery into whether any Plaintiff has hosted events at which both alcohol consumption was authorized and a performance occurred that could meet the definition of a "sexually oriented performance" or "nude." State Rule 56(d) Mot., 8; Noonan Decl.

¶ 8(g). But HB 393 only considers whether on-premise alcohol consumption is authorized, without looking to whether it occurs during performances that could meet the definition of a "sexually oriented performance." *See* HB 393 2(1) (defining "sexually oriented business" as one that "authorizes on-premises consumption of alcoholic beverages" regardless of the extent and nature of any alcohol service and regardless of whether it occurs during an event or performance that could be considered a "sexually oriented performance."). As such, this information is wholly immaterial to summary judgment. *Rocky Mountain Biologicals*, 986 F. Supp. at 1203.

Fourth, the State seeks to conduct discovery into several broad categories of information. *Cf. Rocky Mountain Biologicals*, 986 F. Supp. at 1202. The State identifies these broad categories as (1) the nature and extent of any alcohol service and the primary business function and revenue sources for each Plaintiff, including but not limited to the percentage of revenue derived from food or alcohol sales as opposed to other sources of revenue; (2) each Plaintiff's policies and practices regarding minor attendance at events where alcohol is authorized; and (3) "each Plaintiff's understanding and application of key statutory

terms" such as "sexually oriented performance" and "nude" as they "relate . . . to the definition of a 'sexually oriented business.'" State Rule 56(d) Mot., 8; Noonan Decl. ¶ 8(c)–(d), (f)–(g), (9).

Once again, to the degree that it is relevant, much of this evidence is already in the record. Ferguson Decl. ¶¶ 2–5 (explaining the Roxy's mission and functions); Cosgrove Decl. ¶¶ 2–7 (same); Ferguson Decl. ¶ 11 (explaining the nature of the Roxy's alcohol service); Cosgrove Decl. ¶ 11 (same); Ferguson Decl. ¶ 39 (noting that the Roxy allows parents and guardians to determine whether a minor can view unrated films); Cosgrove Decl. ¶¶ 9–10 (same). The State offers no explanation why this existing information is insufficient to establish Plaintiffs' standing, nor what specific facts it seeks to obtain that would rebut this evidence or "preclude summary judgment." *Tatum*, 441 F.3d at 1100.

Nor does the State offer any explanation of why Plaintiffs' policies and practices around minor attendance or Plaintiffs' subjective interpretation of the laws' definitions are relevant, much less essential to its defense. HB 393 imposes strict liability for violations and does not consider an entity's policies in establishing liability for any violation. *See* HB 393 2(1). At issue is whether Plaintiffs' and their activities arguably

fall within the law's scope, such that Plaintiffs risk violating the law, regardless of their intent or understanding. *Imperial Sovereign*, 140 F.4th at 834.

Given the Ninth Circuit's prior order and the evidence in the record, there is no reasonable dispute that Plaintiffs—specifically the Roxy Theater and the Myrna Loy—have established their intent to engage in First Amendment-protected activities that arguably fall within HB 359's scope, and therefore a credible fear of prosecution. *Imperial Sovereign*, 170 F.4th at 835–36. The Roxy Theater has hosted and intends to continue hosting live drag performances, with no age limit, where drag performers strip the outer layer of clothing and use prosthetic breasts. Ferguson Decl. ¶ 18–19. Similarly, the Myrna Loy has locally produced a stage musical version of the Full Monty, which features a group of friends who strip to make money. Cosgrove Decl. ¶ 27–30. The production is open to all ages and contains several scenes that appear to meet HB 359's definitions of prohibited activities. *Id.* The State fails to show how Plaintiffs' subjective interpretation of whether these types of events and performances are "sexually oriented" is relevant to whether the State

could punish Plaintiffs for hosting them, much less how that information would preclude summary judgment for Plaintiffs.

**C. The State has not moved diligently to seek this discovery.**

The State's request for additional discovery is also unwarranted because the State has not diligently pursued the information it actually seeks in this case. *Wheat v. Wal-Mart Associates, Inc.*, No. 1:22-cv-01524-BAM, 2025 WL 1370011 at *5 (C.D. Cal. May 12, 2025) (additional discovery not warranted simply because party's strategy of "attempting to obtain every potential document and pursuing every additional avenue of discovery" did not work)*; cf. Rocky Mountain Biologicals*, 986 F. Supp. at 1203 (denial of 56(d) motion warranted where party was not dilatory, but "cannot be said to have diligently pursued" discovery). Rather than serve targeted discovery requests for the information it now claims is essential to its case, the State served expansive and overly broad requests that were not reasonably targeted to identify relevant information. That the State finds Plaintiffs' answers to those requests inadequate to its needs is more a testament to the State's discovery strategy and the crafting of its requests than to Plaintiffs' good faith responses. Dkt. 83-1, State's First Combined Discovery Requests. This is particularly so as the

State never sought to confer on Plaintiffs' responses or narrow their requests, and affirmatively rebuffed Plaintiffs' offer to identify a less burdensome means of obtaining the information they now seek. Dkt. 83, Pls' Br. in Supp. of Mot. for Protective Order, 13; Dkt. 83-3, State's 30(b)(6) Dep Notices. These actions undermine the State's claim that the information it seeks is actually essential to its defense.

## CONCLUSION

For the foregoing reasons, the Court should deny the State's Rule 56(d) motion.

Respectfully submitted this 20th day of August, 2026.

*<u>/s/ Molly E. Danahy</u>*
Rylee Sommers-Flanagan
Molley E. Danahy
UPPER SEVEN LAW

Constance Van Kley
VAN KLEY LAW PLLC

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed in CM/ECF on August 20, 2026, and served upon all registered users.

/s/ *Molly E. Danahy*
Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin M. Cocilova
UPPER SEVEN LAW

Constance Van Kley
VAN KLEY LAW PLLC

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(2)(E), I hereby certify that this brief includes 2,489 words, excluding the caption and certificates. The word count was calculated using Microsoft Word.

/s/ *Molly E. Danahy*
Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin M. Cocilova
UPPER SEVEN LAW

Constance Van Kley
VAN KLEY LAW PLLC

*Attorneys for Plaintiffs*