Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin M. Cocilova
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
(406) 998-6067
rylee@uppersevenlaw.com
molly@uppersevenlaw.com
caitlin@uppersevenlaw.com

Constance Van Kley
VAN KLEY LAW PLLC
P.O. Box 451
Missoula, MT 59806
(605) 517-0673
constance@vankleylaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AUSTIN KNUDSEN; SUSIE HEDALEN; and J.P. GALLAGHER,<br><br>*Defendants.* | Cause No. CV-23-50-BU-BMM<br><br>Hon. Brian Morris<br><br>**Plaintiffs' Reply in Support of Motion for Protective Order** |

## INTRODUCTION

Defendants Austin Knudsen and Susie Hedalen ("State Defendants") seek to conduct 30(b)(6) depositions of six plaintiffs, purportedly to "muster evidence to attack Plaintiffs' standing." Doc. 90, State Defs.' Br. in Opp. to Mot. for Protective Ord., 2 ("State Opp. Br."). State Defendants noticed nineteen topics for all six proposed depositions, which aim to probe "what does each Plaintiff do and how does HB 359 affect it?" *Id.* at 12. But State Defendants fail entirely to explain how these questions, and the related topics, are relevant or proportional to any actual dispute over Plaintiffs' standing under the legal standard articulated by the Ninth Circuit in this very case. As such, the Court should grant Plaintiffs' motion for a protective order.

## ARGUMENT

To establish standing for their pre-enforcement First Amendment claims, Plaintiffs need only assert an intent to engage in conduct arguably criminalized by HB 359, over which the State does not disavow enforcement. *Imperial Sovereign Ct. of Mont. v. Knudsen*, 170 F.4th 820, 834 (9th Cir. 2026); *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1172–73 (9th Cir. 2018) (even a "somewhat vaguely" stated wish to engage in

conduct proscribed by statute is sufficient to establish standing for First Amendment challenge at summary judgment stage). *Imperial Sovereign* conclusively established the test for standing that applies to Plaintiffs' claims, and the depositions that State Defendants seek necessarily will not change the application of that standard. Plaintiffs clearly have standing, and further discovery would serve no legitimate purpose.

**I. Under the Ninth Circuit's framework, Plaintiffs have standing.**

Here, the Ninth Circuit has conclusively determined the legal standard applicable to Plaintiffs' standing to challenge HB 359. *Imperial Sovereign*, 170 F.4th at 834. Because the Ninth Circuit issued "[a] fully considered appellate ruling" on the governing law, its determination constitutes "the law of the case for further proceedings" in this court, notwithstanding the fact that it was issued at the preliminary injunction stage. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (2007) (citing 18 Wright & Miller's Federal Practice & Procedure § 4478.5 (3d ed. 2002)).

State Defendants nonetheless assert that this Court is not bound by the Ninth Circuit's legal ruling because Plaintiffs have a higher evidentiary burden at the summary judgment stage. State Opp. Br., 5–9.

But the Ninth Circuit's factual determinations were based on the same "manner and degree of evidence," State Opp. Br., 6, required for summary judgment: sworn statements that Plaintiffs intend to engage in a particular course of conduct, *see, e.g.*, *Imperial Sovereign*, 170 F. 4th at 836–38 (citing Plaintiffs' attestations). State Defendants' suggestion that "attestations" are insufficient to establish standing on summary judgment is simply wrong. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992) (at the summary judgment stage, a plaintiff must "set forth by affidavit or other evidence specific facts" supporting her standing "which for purposes of the summary judgment motion will be taken to be true." (cleaned up)); *see also Hohlbein v. Hosp. Ventures LLC*, 248 F. App'x. 804, 805 (9th Cir. 2007). Moreover, the facts the Ninth Circuit relied on are now part of the trial record. Fed. R. Civ. P. 65(a)(2) ("evidence received on [a preliminary injunction motion] . . . becomes part of the trial record and need not be repeated at trial.").

And the Ninth Circuit's determination of whether the Plaintiffs' averred course of conduct is "arguably proscribed" by HB 359 is a wholly legal one, based on statutory construction. *See, e.g.*, *id.* at 836–38 (making factual determination about what Plaintiffs intend to do, then

determining whether it is proscribed by HB 359). Whether Plaintiffs' activities are encompassed by HB 359 is a legal question, not a factual one. The depositions sought could alter the outcome only if Plaintiffs do not in fact engage in these activities—that is, if seemingly every Plaintiff was lying about seemingly every statement in its declaration. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expedition[s].'")

## II. The noticed depositions are not proportionate to the particular circumstances of this case.

Regardless, State Defendants fail to explain how the noticed depositions are "reasonable" given the particular circumstances of this case. *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107 (D. Nev. 2023), *aff'd sub nom. Alvarado-Herrera v. Acuity A Mut. Ins. Co.*, No. 2:22-cv-00438-CD-SNJK, 2023 WL 5035323 (D. Nev. Aug. 4, 2023); Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to information that is relevant and "proportional to the needs of the case."). Though State Defendants claim they seek discovery related to Plaintiffs' standing, they never address the Ninth Circuit's test for standing. Nor do they make any attempt to explain how the noticed depositions are relevant to that test, or proportional to the needs of this case given the less stringent

requirements for standing in the First Amendment context. *Imperial Sovereign*, 170 F. 4th at 834; *see also Italian Colors*, 878 F.3d at 1173 (vague statements of intent to engage in proscribed activity are sufficient at summary judgment). The Ninth Circuit's binding articulation of the legal standard guides whether the notices are proportional to the needs of the case. *Cf.* State Opp. Br., 10 (contesting the relevance of the Ninth Circuit's ruling to the permissible scope of discovery).

Rather than explain how the noticed depositions are relevant or proportional to whether Plaintiffs have stated an intent to engage in conduct arguably proscribed by HB 359, State Defendants assert only that depositions are a "basic discovery obligation" and part of the "normal course of discovery." *Id.* But the federal rules do not permit discovery for discovery's sake. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 1. This is particularly so with 30(b)(6) depositions, where "the court has a duty to protect a party from being needlessly burdened." *Alvarado Herrera*, 344 F.R.D. at 107 (quoting *Nichols v. Credit Union 1*, No. 2:17-cv-02337-APG-GWF, 2018 WL 11404371, at *2 (D. Nev. Dec. 26, 2018)).

State Defendants next assert that it is simply "common sense" to allow 30(b)(6) depositions to investigate Plaintiffs' standing. But they fail

to explain—and common sense certainly does not clarify—how the noticed topics are relevant to the specific test for standing articulated by *Imperial Sovereign*. *See* 170 F.4th at 834. The topics are vastly overbroad, cumulative, and irrelevant. *See* Doc. 83, Pls.' Br. in Support of Mot. for Prot. Ord., 13–19 ("Pls.' Prot. Ord. Br."). State Defendants' do not address any of Plaintiffs' specific objections. For example, State Defendants do not dispute that the First Amendment bars their proposed discovery into Plaintiffs' leadership, boards, members, and participant. *See* Pls.' Prot. Ord. Br., 14–15. Rather, State Defendants assert only that the topics fall within the "general category" of "what does each Plaintiff do and how does HB 359 affect it?" or otherwise "concern this case." State Opp. Br., 12. This is insufficient.

First, State Defendants assert that they seek discovery into Plaintiffs' policies surrounding performances, but do not explain how such policies are relevant to Plaintiffs' standing. *Cf. James Lee Constr. v. Gov't Emp. Ins. Co.*, 339 F.R.D. 562, 569 (D. Mont. 2021) (prohibiting discovery into policies and procedures unrelated to the case). Next, State Defendants assert that they seek discovery into the details of Plaintiffs' performances. But, to the extent relevant, Plaintiffs have already

provided details about performances that are arguably criminalized by HB 359. *See, e.g.*, Doc. 81-13, Declaration of Sarah Ferguson ¶¶ 26–30 ("Ferguson Decl.") (confirming that The Roxy Theater has hosted and intends to continue hosting live drag performances, with no age limit, where drag performers strip the outer layer of clothing and use prosthetic breasts); Doc. 81-6, Declaration of Benji Cosgrove ¶¶ 27–30 ("Cosgrove Decl.") (stating that the Myrna Loy has locally produced a stage musical version of the Full Monty, which features a group of friends who strip to make money); Doc. 81-12, Declaration of Raymi Samson ¶¶ 19–26 (detailing performances that were cancelled or modified in the wake of HB 359); Doc. 81-7, Declaration of Chelsia Rice ¶¶ 12–13 (detailing drag story hour events the Montana Book Company has hosted); Doc. 81-8, Declaration of Emily Rokosch ¶¶ 14–15 (describing performances that were altered in the wake of HB 359); Declaration of Kelly Quick ¶¶ 9–11 (describing events involving drag). Similarly, to the extent relevant, Plaintiffs have already provided details about their operations and policies. *E.g.*, Ferguson Decl. ¶¶ 2–5 (explaining the Roxy's mission and functions); Cosgrove Decl. ¶¶ 2–7 (same); Ferguson Decl. ¶ 11 (explaining the nature of the Roxy's alcohol service); Cosgrove Decl. ¶ 11

(same); Ferguson Decl. ¶ 39 (noting that the Roxy allows parents and guardians to determine whether a minor can view unrated films); Cosgrove Decl. ¶¶ 9–10 (same). State Defendants do not explain why additional discovery is necessary on these topics, or what evidence they hope to uncover that would rebut these statements.

Second, State Defendants contend that the scope of the noticed depositions is not needlessly burdensome because nineteen topics is less than the 68 topics the court found burdensome in *Alvarado-Herrera*. But the *Alvarado-Herrera* court specifically noted that the reasonableness of the number of topics depends on the complexity of the disputed issues. *See* 344 F.R.D. at 108 (noting that "[i]n an undisputedly complex environmental case . . . , a notice with 61 topics . . . has been found unreasonably excessive," whereas "[i]n more straightforward cases, courts have found significantly slimmer Rule 30(b)(6) notices to be excessive." (cleaned up)). Here, the nineteen noticed topics are needlessly burdensome in light of the relative simplicity of the disputed factual issues (if any) as compared to the broad scope of information requested and the nature of the subject matter addressed. *See id.*; *see also Bowers v. Mortg. Elec. Reg. Sys. Inc.*, No. 10-4141-JTM, 2011 WL 6013092, at *7

(D. Kan. Dec. 2, 2011) (finding 22 topics excessive for mortgage dispute). This is particularly so given counsel's description of the topics as intended to preserve an opportunity to satisfy State Defendants' curiosity. Doc 83-2, M. Noonan & M. Danahy Emails, 16; *cf. Bowers*, 2011 WL 6013092 at *7 ("deposition topics should be limited to discovering information relevant to the[] claims actually asserted."). As such, the Court should quash the noticed depositions. *See Bowers*, 2011 WL 6013092 at * 7 (quashing 30(b)(6) notice with 22 topics).

Third, State Defendants assert that Plaintiffs' offer only "generalized 'expense' allegations" and a contention that the topics are "exceptionally broad." State Opp. Br., 11–12. This is demonstrably untrue. Pls.' Prot. Ord. Br., 13–19 (articulating specific objections to the noticed topics and detailing the burdens imposed on Plaintiffs in responding). As previously explained, *see id.*, the noticed topics are not reasonably calculated to "test" Plaintiffs' averments regarding standing, but rather to subject Plaintiffs to cumulative, burdensome, and irrelevant additional discovery because Plaintiffs seek to protect their fundamental First Amendment rights. *Cf.* State Opp. Br., 13 (asserting State Defendants' discovery requests are appropriate because only

defendants, not plaintiffs, are entitled to protection against fishing expeditions); *contra* Fed. R. Civ. P. 26(b)(1) (applying limits to scope of discovery regardless of who propounds it); *see also Rivera*, 364 F. 3d at 1064 (finding protective order appropriate where defendants' proposed discovery would have a "chilling effect" on plaintiffs' ability to effectuate individual rights and on the public's general interest in private enforcement of civil rights).

Finally, State Defendants concede that the only discovery they need to oppose standing is "deposition testimony from the associational and organizational Plaintiffs to determine if any of them qualify as a 'sexually oriented business' under Mont. Code Ann. ("MCA") § 45-8-117(9)," and to determine their understanding of the word "nude" and the phrase "sexually oriented performance" as referenced in that definition. Dkt. 85-1, Decl. of Michael Noonan, ¶¶ 6, 9 ("Noonan Decl."). Although four of the Plaintiffs whom State Defendants seek to depose do not claim to arguably fall within the definition of a "sexually oriented business," State Defendants nonetheless assert that it is essential depose them about whether they qualify under the definition, and their understanding of the terms contained therein. Doc. 95, State Reply in Support of Rule 56(d)

Mot., 7–8 ("56(d) Reply"). This merely confirms that the noticed topics are wholly untethered to actual disputes over Plaintiffs' standing.

Because only two Plaintiffs, the Roxy Theater and the Myrna Loy, assert that they arguably fall within the definition of a "sexually oriented business," State Defendants clearly fail to explain why depositions of the other four Plaintiffs are warranted. Defendants cannot show need to conduct discovery into an issue that is not in dispute. Moreover, the Court should quash the notices as to the Roxy Theater and the Myrna Loy and order that any future notices as to those two Plaintiffs be limited to relevant facts that were specifically identified in support of State Defendants Rule 56(d) Motion.[1] *See, e.g. Alvarado-Herrera*, 344 F.R.D. at 106 (noting that "the common-sense concept of proportionality" is "designed to 'provide parties with efficient access to what is <u>needed</u> to prove a claim or defense, but eliminate unnecessary or wasteful

[1] Plaintiffs maintain that State Defendants' Rule 56(d) motion and affidavit failed to identify any specific facts that are actually necessary to their defense because, *inter alia*, they failed to explain how any of the discovery sought would preclude summary judgment. *See* Doc. 91, Pls. Br. in Opp. to Rule 56(d) Mot., 3, 5 (explaining that State Defendants' burden under Rule 56(d) is not just to identify the specific facts it seeks, but also to explain how those facts would preclude summary judgment); *see also Rocky Mountain Biologicals Inc. v. Microbix Biosys. Inc.*, 986 F. Supp. 2d 1187, 1201 (D. Mont. 2013).

discovery.'") (emphasis added) (quoting *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016)); *see also Roberts*, 312 F.R.D. at 602 (noting that the proportionality test was adopted "to promote judicial limitation of the amount of discovery . . . to avoid abuse or overuse of discovery."); *Bowers*, 2011 WL 6013092 at * 7 (quashing 30(b)(6) notice and limiting scope of any future notices).

* * *

The Ninth Circuit accepted Plaintiffs' pre-enforcement challenge in part because State Defendants have not disavowed enforcement against Plaintiffs. *Imperial Sovereign*, 170 F. 4th at 820 (finding standing to challenge Section 2(1) where State Defendants have not disavowed enforcement against the Roxy Theater). State Defendants still have not disavowed enforcement against Plaintiffs, yet they now insist on subjecting Plaintiffs to extensive and broad ranging discovery, including into their operations, leadership, boards, members, and understanding of the artistic importance of drag, in order to "test" whether HB 359's actually injures Plaintiffs. In so doing, State Defendants necessarily concede that HB 359 does not, on its face, provide sufficient notice of which speakers and what speech it proscribes. This itself renders

Plaintiffs' fear of enforcement credible. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000) (when threat of enforcement "implicates First Amendment rights, the inquiry tilts dramatically toward a finding of standing."). The Court should quash the notices.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a protective order and bar the State from conducting the noticed 30(b)(6) depositions.

DATED this 3rd of September, 2026.

*/s/ Molly E. Danahy*
Rylee Sommers-Flanagan
Molley E. Danahy
UPPER SEVEN LAW

Constance Van Kley
VAN KLEY LAW PLLC

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(2)(E), I hereby certify that this brief includes 2,565 words, excluding the caption and certificates. The word count was calculated using Microsoft Word.

/s/ *Molly E. Danahy*
Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin M. Cocilova
UPPER SEVEN LAW

Constance Van Kley
VAN KLEY LAW PLLC

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed in CM/ECF on September 3, 2026, and served upon all registered users.

/s/ *Molly E. Danahy*
Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin M. Cocilova
UPPER SEVEN LAW

Constance Van Kley
VAN KLEY LAW PLLC

*Attorneys for Plaintiffs*