**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA *et al.*,

Plaintiffs,

vs.

AUSTIN KNUDSEN; ELSIE ARNTZEN; J.P. GALLAGHER; and THE CITY OF HELENA,

Defendants.

**No. CV 23-50-BU-BMM**

**ORDER**

## INTRODUCTION

The Montana legislature passed House Bill 359 ("H.B. 359") on May 11, 2023. Montana Governor Greg Gianforte signed H.B. 359 into law on May 22, 2023. The statute took immediate effect. H.B. 359 § 7. H.B. 359 criminalizes a wide range of conduct, including "drag story hours" in schools and libraries that receive any amount of state funding. *Id.* § 3(2). The statute prohibits minors from attending "sexually oriented shows" anywhere. *Id.* § 2(1). H.B. 359 proscribes all "sexually oriented" performances in libraries or schools that receive public funding, *id.* § 3(1)–(2), on public property "in the presence of" a minor, *id.* § 3(3)(a), and in any location owned by an entity that receives any state funding. *Id.* § 3(3)(b).

H.B. 359 further prohibits and restricts "sexually oriented performances" to

minors. *Id*. § 1. H.B. 359 restricts "sexually oriented performances" in "sexually oriented businesses" to adult-only audiences. *Id*. § 2(1). H.B. 359 defines "sexually oriented businesses" to include "nightclubs, bars, restaurants, or similar commercial enterprise" that "authorizes on-premise consumption of alcoholic beverages" to "an audience of two or more individuals." *Id.* § 1(9).

Plaintiffs, the Imperial Sovereign Court of the State of Montana ("Imperial Court"), Montana Pride, the Montana Book Company, the Western Montana LGBTQ+ Community Center, Montana Pride, the Great Falls LGBTQ+ Community Center, the Roxy Theater, the Myrna Loy, and several individuals, including Adria Jawort ("Jawort"), and Rachel Corcoran (collectively "Plaintiffs") move the Court for summary judgment against Defendants Austin Knudsen and Susie Hedalen ("Defendants") on Counts IV and V of the Plaintiff' First Amended Complaint ("FAC"). (Doc. 79.) Plaintiffs argue that summary judgment proves warranted as H.B. 359 cannot survive strict scrutiny and is facially unconstitutional, overly broad, and vague. (Doc. 80 at 5.) Plaintiffs also filed a motion for a protective order. (Doc. 82). Plaintiffs argue that the Court should bar or limit the six Fed R. Civ. P. 30(b)(6) depositions Defendants requested of Plaintiffs. (*Id*.)

Defendants oppose Plaintiffs' motion for summary judgment and motion for a protective order. (Doc. 84.) Defendants request that the Court defer consideration of Plaintiffs' motion for summary judgment until Defendants can depose Plaintiffs

to obtain facts related to Plaintiffs' challenge to Section 2(1) of H.B. 359. (Doc. 85.) The Court will address Parties' Motion for Discovery pursuant to Fed. R. Civ. P. 56(d) (Doc. 84) and Motion for a Protective Order (Doc. 82) in this order. The Court will focus on Section 2(1) of H.B. 359.

**BACKGROUND**

Section 2(1) prohibits a "sexually oriented business" from "allow[ing] a person under 18 years of age to enter the premises of the business during a sexually oriented performance." H.B. 359 § 2(1). H.B. 359 defines a "sexually oriented business" as, "a nightclub, bar, restaurant, or similar commercial enterprise that: (a) provides for an audience of two or more individuals: (i) live nude entertainment or live nude performances; or (ii) a sexually oriented performance; and (b) authorizes on-premises consumption of alcoholic beverages." H.B. 359 § 1(9). A "[s]exually oriented performance" is defined as "a performance that, regardless of whether performed for consideration, is intended to appeal to a prurient interest in sex and features: (a) the purposeful exposure, whether complete or partial, of: (i) a human genital, the pubic region, the human buttocks, or a female breast, if the breast is exposed below a point immediately above the top of the areola; or (ii) prosthetic genitalia, breasts, or buttocks; (b) stripping; or (c) sexual conduct." H.B. 359 § 1(10). And "[s]tripping" is further defined as the "removal or simulated removal of clothing in a sexual manner for the entertainment of one or more individuals." H.B. 359 §

1(11).

The Ninth Circuit has identified a Plaintiff who fulfills the standing requirement for each provision of H.B. 359 that Plaintiffs are challenging. *Imperial Sovereign Ct. of Mont. v. Knudsen,* 170 F.4th 820, 833-840 (9th Cir. 2026). The Roxy Theater is “a nonprofit, community-owned theater . . ..” (Doc. 81 ¶ 89.) The Roxy Theater authorizes the on-premises consumption of alcohol. (*Id.* ¶ 100.) The Roxy Theater shows PG-13 and R-rated movies as well as unrated films which it allows minors to view at parents’ and guardians’ discretion. (*Id.* ¶ 89.) The Roxy Theater also has hosted live, all-ages drag performances featuring the removal of outer layers of clothing and the use of prosthetic breasts. (*Id.* ¶ 93.) The Roxy Theater alleges that due to the above conduct, it falls under the definition of “sexually oriented business” as defined by H.B. 359, and that owners and employees fear liability. (*Id.* ¶ 101-102.) The Ninth Circuit determined that the Roxy Theater has standing to challenge Section 2(1) of H.B. 359. *Imperial Sovereign Ct. of Mont.*, 170 F.4th at 835-836.

Plaintiffs filed this action on July 7, 2023. (Doc. 1.) Plaintiffs filed an Amended Complaint and TRO/preliminary injunction motion on July 17, 2023. (Doc. 3; Doc. 4.) The Court granted Plaintiffs’ motion for a TRO/preliminary injunction. (Docs. 13 and 33.) Defendants appealed. (Doc. 38.) The Ninth Circuit affirmed the Court’s preliminary injunction order enjoining Defendants from

"instituting, maintaining, or prosecuting any enforcement proceedings under Montana House Bill 359." (Doc. 62.)

Plaintiffs' Amended Complaint contains the following five causes of action: (I) First Amendment Free Speech Violation, as applied to Jawort; (II) Fourteenth Amendment Equal Protection Violation, as applied to Jawort; (III) First Amendment Free Speech Violation, as applied to Montana Pride; (IV) First Amendment Facial Free Speech Violation; and (V) Fifth Amendment Facial Due Process Violation. (Doc. 3 at 38–43.) Counts I, II, and III have been dismissed with prejudice. (Doc. 30, Doc. 98.) Only Counts IV and V apply to Defendants. The Court will address only Counts IV and V in this order as only these counts remain relevant to the motions and parties at issue.

## LEGAL STANDARD

### I. Motion for a Protective Order

Rule 26(c)(1) authorizes courts "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" related to discovery. Fed. R. Civ. P. 26 (c)(1)(C), (D); *Anderson v. Boyne USA, Inc.*, No. CV-21-95-BU BMM, 2024 WL 5700204, *2 (D. Mont. May 3, 2024) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)). A protective order may "forbid" discovery or certain inquiries, or "limit the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D); *Anderson*, 2024 WL 5700204, *2.

The party seeking a protective order bears the burden of proving good cause. *Anderson*, 2024 WL 5700204, *2 (citing *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011)). "That burden is met by demonstrating a particular need for protection supported by specific facts as opposed broad allegations of harm." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 106 (D. Nev. 2023).

**II. Motion for Discovery under Fed. R. Civ. P. 56(d)**

Federal Rule of Civil Procedure 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

"[A] district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *Cal. Ex rel. Cal. Dep't of Toxi Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). To obtain relief under Rule 56(d), the defendant must file an affidavit or declaration that satisfies specific content requirements., The affidavit or declaration must specify the following facts under Ninth Circuit precedent: (1) the specific facts the defendant hopes to elicit from further discovery; (2) that those facts exist; and (3) that those sought-after facts are

essential to resist the summary judgment motion. *Id.*

## DISCUSSION

### I. Defendants' Discovery Motion pursuant to Fed. R. Civ. P. 56(d)

The Ninth Circuit determined that "[b]ecause each restriction has different elements, at least one plaintiff must have standing to challenge each restriction [of H.B. 359]." *Imperial Sovereign Ct. of Mont.,* 170 F.4th at 833 (citing *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019); *Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 892 (9th Cir. 2007)). Only one plaintiff must have standing to challenge each restriction. *Imperial Sovereign*, 170 F.4th at 833. The Ninth Circuit concluded that Plaintiffs had established standing for each restriction challenged. *Id*. at 834-39. Specifically, the Ninth Circuit concluded that the Roxy Theater had demonstrated standing to challenge H.B. 359 § 2(1) which puts restrictions on "sexually oriented businesses" defined as a "nightclub, bar, restaurant, or similar enterprise" serving alcoholic beverages. *Id*.

Defendants assert that they seek additional discovery, through 30(b)(6) depositions, to determine whether Plaintiffs have established associational or organizational standing. (Doc. 85 at 6.) Defendants claim that they seek to discover whether Plaintiffs fall under the statutory definition included in H.B. 359 for a "nightclub, bar, restaurant, or similar commercial enterprise" that serves alcohol. (*Id*. at 7.) Defendants request that the Court allow them to conduct six depositions

on named Plaintiffs Great Falls LGBTQ+ Community Center, the Imperial Sovereign Court of the State of Montana, Montana Book Company, the Myrna Loy, the Roxy Theater, and the Wester Montana Community Center. (*Id.*) Defendants contend that the written discovery responses provided by Plaintiffs prove incomplete and that they lack the essential facts necessary to respond to Plaintiffs' motion for summary judgment. (*Id*. at 7-8.)

The Court determines that Defendants have failed to present the requisite showing "that the continuance is needed to obtain facts essential to preclude summary judgment." *Cal. Ex rel. Cal. Dep't of Toxi Substances Control*, 138 F.3d at 779. The Ninth Circuit already has concluded that at least one Plaintiff has standing to challenge each restriction of H.B. 359. *See Imperial Sovereign Ct. of Mont.*, 170 F.4th at 833. Defendants do not appear to need additional details on the extent of Plaintiffs' businesses for standing purposes. Evidence provided during a motion for a preliminary injunction "becomes part of the trial record and need not be repeated at trial." Fed. R. Civ. P. 65(a)(2). Plaintiffs established standing at the preliminary injunction stage to challenge each restriction of H.B. 359. *Imperial Sovereign Ct. of Mont.*, 170 F.4th at 834-39.

Defendants assert that "a plaintiff . . . must support each element of standing with the manner and degree of evidence required at the successive stages of the litigation." (Doc. 95 at 4.) (citing *Murthy v. Missouri,* 603 U.S. 43, 58 (2024))

(quotations omitted). The Ninth Circuit treated its assessment of standing, however, as a separate and definitive evaluation, and not through the preliminary injunction's "likelihood" lens. *Imperial Sovereign Ct. of Mont.*, 170 F.4th at 842. The Ninth Circuit stated plainly: "[w]e conclude that Plaintiffs have standing to challenge H.B. 359." *Id.* Defendants have not disputed the facts critical to the Ninth Circuit's determination. (Doc. 81.) The Court knows of no changes of circumstance that would destroy Plaintiffs' standing. Defendants' inquiry into the business activities of other Plaintiffs does not appear relevant to Defendants being able to respond to Plaintiffs' motion for summary judgment on the issue of standing.

Defendants also argue that the business operations of the six Plaintiffs requested for deposition proves relevant to topics beyond standing, such as determining "whether Section 2 applies to [each] Plaintiff[], and whether the statute is narrowly tailored or overbroad." (Doc. 85 at 10.) Defendants argue that resolving the facial challenge to Section 2 "requires an understanding of which Plaintiffs (if any) actually fall within the definition of a 'sexually oriented business' . . .." (*Id.* at 9.) Plaintiffs point out that whether Section 2 applies to each Plaintiff proves irrelevant, as standing requires that only one Plaintiff fall within Section 2. (Doc. 91 at 4.) Defendants do not explain why resolving these claims requires this understanding outside the standing issue. Similarly, Defendants assert

that they need additional discovery on whether Plaintiffs fall under Section 2 to determine whether "the statute is narrowly tailored or overbroad." (Doc. 85 at 10.) Defendants again fail to specify why these facts prove necessary to resist a summary judgment motion on the issue of overbreadth.

The Ninth Circuit already has determined that Plaintiffs have standing to assert each claim, including Section 2(1). *Imperial Sovereign Ct. of Mont.*, 170 F.4th at 834-39. Defendants have failed to articulate why additional discovery would be necessary to address Plaintiffs' summary judgment motion. The Court denies the Defendants' Motion for Discovery under the Federal Rule of Civil Procedure 56(d).

## II. Plaintiffs' Motion for a Protective Order

Plaintiffs argue that good cause exists to grant its protective order to bar or limit the requested six depositions. (Doc. 83 at 10.) The Court agrees. With respect to 30(b)(6) depositions, courts "have a duty to protect a party from being needlessly burdened." *Alvarado-Herrera,* 344 F.R.D. 107. "Pertinent circumstances for consideration include the number of topics, the scope of information sought by the topics, the complexity of the case, the amount of time allotted for the Rule 30(b)(6) deposition, the nature of the subject matter addressed in the topics (e.g., whether preparation may require expert or attorney input), and whether the information can be obtained more efficiently through other means." *Id.*

at 108.

Defendants proposed topics for the six depositions mainly revolve around Plaintiffs' alleged standing deficiencies. The Ninth Circuit resolved the standing question on appeal. Plaintiffs have established that at least one Plaintiff has standing to challenge each restriction. *Imperial Sovereign Ct. of Mont*, 170 F.4th at 834-839. The topics proposed for inquiry at the six deposition appear irrelevant to standing.

The Court bars Defendants from conducting the proposed six 30(b)(6) depositions of Great Falls LGBTQ+ Community Center, the Imperial Sovereign Court of the State of Montana, Montana Book Company, the Myrna Loy, the Roxy Theater, and the Western Montana Community Center.

**ORDER**

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' Motion for a Protective Order (Doc. 82) is **GRANTED**.
    a. The Court bars Defendants from conducting the six proposed de positions on Plaintiffs.
2. Defendants' Motion for Discovery pursuant to Fed. R. Civ. P. 56(d) (Doc. 84) is **DENIED**.
3. The hearings on Plaintiffs' Motion for Protective Order and Defendants' Motion for Discovery are **VACATED**.
4. Plaintiff's Motion for Summary Judgment (Doc. 79.) is **DEFERRED**

pending a hearing, which is set for September 30, 2026, at 11:00 a.m. at the Mike Mansfield Federal Courthouse in Butte, Montana.

DATED this 16th day of September 2026.

Brian Morris, Chief District Judge
United States District Courts