Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin M. Cocilova
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
(406) 998-6067
rylee@uppersevenlaw.com
molly@uppersevenlaw.com
caitlin@uppersevenlaw.com

Constance Van Kley
VAN KLEY LAW PLLC
P.O. Box 451
Missoula, MT 59806
(605) 517-0673
constance@vankleylaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| THE IMPERIAL SOVEREIGN COURT OF THE STATE OF MONTANA, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>AUSTIN KNUDSEN; SUSIE HEDALEN; and J.P. GALLAGHER,<br><br>*Defendants*. | Cause No. CV-23-50-BU-BMM<br><br>Hon. Brian Morris<br><br>**Plaintiffs' Statement of Disputed Facts in Opposition to State Defendants' Cross-Motion for Partial Summary Judgment on Counts IV & V** |

## I. Parties and Posture[1]

1. On August 21, 2026, the Court dismissed Plaintiffs Imagine Brewing Company, LLC d/b/a Imagine Nation Brewing Company and Bumblebee Aerial Fitness. (Dkt. 93.)

*Undisputed.*

2. The remaining organizational plaintiffs are The Imperial Sovereign Court of the State of Montana; Montana Book Company; The Western Montana Community Center; The Great Falls LGBTQ+ Community Center; The Myrna Loy; Montana Pride; and The Roxy Theater. (Dkt. 3.)

*Undisputed.*

3. The remaining individual plaintiffs are Adria Jawort and Rachel Corcoran. (Dkt. 3.)

*Undisputed.*

[1] State Defendants filed a Notice of Errata on October 20, 2026, Doc. 108, which appended a revised statement of undisputed facts, Doc. 108-1. This Statement of Disputed Facts responds to the facts as asserted in the revised statement filed at Doc. 108-1. For the sake of transparency, redlined deletions remain in this document.

## II. <u>House Bill 359</u>

4. Representative Braxton Mitchell introduced House Bill 359 in the 68th Legislature. 2023 Mont. Laws ch. 719.

*Undisputed.*

5. House Bill 359 was enacted as 2023 Montana Laws chapter 719 and approved May 22, 2023, ***see*** **Exhibit A.**

*Undisputed.*

6. Section 6 states:

> Severability. If a part of [this act] is invalid, all valid parts that are severable from the invalid part remain in effect. If a part of [this act] is invalid in one or more of its applications, the part remains in effect in all valid applications that are severable from the invalid applications.
>
> **Ex. A, § 6**.

*Undisputed.*

7. Section 45-8-117(9), MCA, defines "sexually oriented business" as: a nightclub, bar, restaurant, or similar commercial enterprise that:

> (a) provides live nude entertainment or live sexually oriented performances; and
>
> (b) authorizes on-premises consumption of alcoholic

beverages.

MCA § 45-8-117(9); **Ex. A, § 1(9)**.

*Undisputed.*

8. Section 45-8-118(1), MCA, provides that a sexually oriented business may not allow a person under 18 years of age to enter the premises while a sexually oriented performance is occurring. MCA § 45-8-118(1); **Ex. A, § 2(1)**.

*Undisputed.*

## III. On-Premises Alcohol — Department of Revenue

9. The Cannabis and Alcohol Regulation Division ("CARD") of the Montana Department of Revenue ("DOR") issues alcoholic-beverage licenses under Title 16, MCA; **Decl. of Kristan Barbour, ¶ 2, Exhibit B**.

*Undisputed.*

10. CARD issues all-beverages licenses under MCA § 16-4-201; on-premises consumption beer-and-wine licenses under MCA § 16-4-105; restaurant beer-and-wine licenses under MCA § 16-4-420; and nonprofit arts-organization beer-and-wine licenses under MCA § 16-4-303; **Ex. B, ¶ 2**.

*Undisputed.*

11. A restaurant beer-and-wine license under § 16-4-420 may be issued only in connection with a "restaurant" as that term is defined in § 16-4-420(4). A nonprofit arts-organization beer-and-wine license under § 16-4-303 is a different license. CARD records code a nonprofit arts on-premises beer-and-wine license as license type "Non-Profit Arts" and license category "On-Premises Beer/Wine," commonly reflected in the license number ending in 323. **Ex. B, ¶ 3**.

*Undisputed.*

12. Title 16 does not define "bar" or "nightclub."

*Undisputed.*

13. Under § 50-40-103(1), "bar" means an establishment with a license issued pursuant to Title 16, chapter 4, that is devoted to serving alcoholic beverages for consumption by guests or patrons on the premises and in which the serving of food is only incidental to the service of alcoholic beverages or gambling operations. The term includes but is not limited to taverns, night clubs, cocktail lounges, and casinos.

*Undisputed that this is an accurate statement of the definition found in Montana Code Annotated § 50-40-103(1). Disputed that the definition extends beyond the Montana Clean Indoor Air Act, §§ 50-40-101 et seq.*

14. For purposes of § 50-40-103(1), "incidental to the service of alcoholic beverages or gambling operations" means that at least 60% of the business's annual gross income comes from the sale of alcoholic beverages or gambling receipts, or both. MCA § 50-40-103(6).

*Undisputed.*

## IV. Retail Food Establishments — Department of Public Health and Human Services

15. The Department of Public Health and Human Services, or a local board of health acting as the regulatory authority, licenses retail food establishments under Title 50, chapter 50, MCA. MCA §§ 50-50-102, 50-50-201; **Decl. of Staci Evangeline, ¶ 2, Exhibit C**.

*Undisputed.*

16. "Retail food establishment" is defined in MCA § 50-50-102(24). The definition includes an operation that stores, processes, packages, serves, or vends food directly to the consumer at a venue that may include a restaurant, a market, a satellite or catered feeding

location, a catering operation, a vending location, a conveyance used to transport people, an institution, or a food bank. **Ex. C, ¶ 3**.

*Undisputed that this is an accurate statement of the definition found in Montana Code Annotated § 50-50-102(24). Disputed that the definition extends beyond Title 50, Chapter 50, which includes "regulations . . . intended to prevent and eliminate conditions and practices that endanger public health.*

17. Except as provided by statute, a person operating a retail food establishment must procure an annual license from the department. MCA § 50-50-201(1); **Ex. C, ¶ 4**.

*Undisputed.*

18. Title 50 sets separate license fees for small, medium, and large retail food establishments and for small and large mobile food establishments, as those terms are defined in § 50-50-102. MCA § 50-50-205(1)(b); **Ex. C, ¶ 5**.

*Undisputed.*

## V. <u>Plaintiff Montana Pride</u>

19. Montana Pride admits it is not a nightclub. **Montana Pride Resps. to Defs.' First Combined Disc. Reqs., RFA 1, Exhibit D**.

*Undisputed.*

20. Montana Pride admits it is not a bar. **Ex. D, RFA 2**.

*Undisputed.*

21. Montana Pride admits it is not a restaurant. **Ex. D, RFA 3**.

*Undisputed.*

22. Montana Pride admits it is not a commercial enterprise similar to a nightclub, similar to a bar, or similar to a restaurant. **Ex. D, RFAs 4–6**.

*Undisputed.*

~~23. Montana Pride admits it is not a school that receives any form of State funding. **Ex. D, RFA 7**.~~

~~24. Montana Pride admits it is not a library that receives any form of State funding. **Ex. D, RFA 8**.~~

~~25. Montana Pride admits it does not currently receive any form of State funding. **Ex. D, RFA 9**.~~

~~26. Asked to identify any State funding it has received since January 1, 2023, Montana Pride stated: "Montana Pride has not received State Funding." It added that it "is sponsored by the Happiness and Joy Foundation," that the Foundation "has received State Funding in the~~

~~form of at least one an annual report waiver fee," that "[t]he Secretary of State waived the annual report filing fee for corporations for 2024–2026," and that "[i]n 2023, the fee was $20." **Ex. D, Int. 10**.~~

## VI. Plaintiff Imperial Sovereign Court

27. The Imperial Sovereign Court admits it is not a nightclub. **Imperial Resps. to Defs.' First Combined Disc. Reqs., RFA 1, Exhibit E**.

*Undisputed.*

28. The Imperial Sovereign Court admits it is not a bar. **Ex. E, RFA 2**.

*Undisputed.*

29. The Imperial Sovereign Court denies the request to admit that it is not a restaurant. **Ex. E, RFA 3**.

*Undisputed.*

30. The Imperial Sovereign Court admits it is not a commercial enterprise similar to a nightclub, similar to a bar, or similar to a restaurant. **Ex. E, RFAs 4–6**.

*Undisputed.*

~~31. The Imperial Sovereign Court admits it is not a school that receives any form of State funding. **Ex. E, RFA 7**.~~

~~32. The Imperial Sovereign Court admits it is not a library that receives any form of State funding. **Ex. E, RFA 8**.~~

~~33. Asked to identify any State funding it has received since January 1, 2023, the Imperial Sovereign Court identified only "an annual report waiver fee," stating that "[t]he Secretary of State waived the annual report filing fee for corporations for 2024–2026" and that "[i]n 2023, the fee was $20." **Ex. E, Int. 10**.~~

34. A search of CARD alcoholic-beverage license records returned no on-premises beer, wine, or all-beverages license for the Imperial Sovereign Court. **Ex. B, ¶ 5**.

*Undisputed.*

35. A search of DPHHS records for retail food establishment licensing returned no current license for the Imperial Sovereign Court. **Ex. C, ¶ 7**.

*Undisputed.*

## VII. Plaintiff Great Falls LGBTQ+ Community Center

36. The Great Falls LGBTQ+ Community Center admits it is not a nightclub. **Great Falls Resps. to Defs.' First Combined Disc. Reqs., RFA 1, Exhibit F**.

*Undisputed.*

37. The Great Falls LGBTQ+ Community Center admits it is not a bar. **Ex. F, RFA 2**.

*Undisputed.*

38. The Great Falls LGBTQ+ Community Center denies the request to admit that it is not a restaurant. **Ex. F, RFA 3**.

*Undisputed.*

39. The Great Falls LGBTQ+ Community Center admits it is not a commercial enterprise similar to a nightclub, similar to a bar, or similar to a restaurant. **Ex. F, RFAs 4–6**.

*Undisputed.*

~~40. The Great Falls LGBTQ+ Community Center admits it is not a school that receives any form of State funding. **Ex. F, RFA 7**.~~

~~41. Asked to admit it is not a library that receives any form of State funding, the Great Falls LGBTQ+ Community Center admitted the~~

~~request to the extent "library" means a public library under MCA § 22-1-301, and otherwise denied. **Ex. F, RFA 8**.~~

~~42. The Great Falls LGBTQ+ Community Center admits it does not currently receive any form of State funding and is not owned by an entity that currently receives any form of State funding. **Ex. F, RFAs 9–10**.~~

~~43. Asked to identify any State funding it has received since January 1, 2023, the Great Falls LGBTQ+ Community Center stated it "is not aware of any State Funding it has received." **Ex. F, Int. 10**.~~

44. A search of CARD alcoholic-beverage license records returned no on-premises beer, wine, or all-beverages license for the Great Falls LGBTQ+ Community Center. **Ex. B, ¶ 5**.

*Undisputed.*

45. A search of DPHHS records for retail food establishment licensing returned no current license for the Great Falls LGBTQ+ Community Center. **Ex. C, ¶ 7**.

*Undisputed.*

## VIII. Plaintiff Western Montana Community Center

46. The Western Montana Community Center admits it is not a nightclub. **WMCC Resps. to Defs.' First Combined Disc. Reqs. RFA 1, Exhibit G**.

*Undisputed.*

47. The Western Montana Community Center admits it is not a bar. **Ex. G, RFA 2**.

*Undisputed.*

48. The Western Montana Community Center denies the request to admit that it is not a restaurant. **Ex. G, RFA 3**.

*Undisputed.*

49. The Western Montana Community Center admits it is not a commercial enterprise similar to a nightclub or similar to a bar. **Ex. G, RFAs 4–5**.

*Undisputed.*

50. The Western Montana Community Center denies the request to admit that it is not a commercial enterprise similar to a restaurant. **Ex. G, RFA 6**.

*Undisputed.*

~~51. The Western Montana Community Center admits it is not a school that receives any form of State funding. **Ex. G, RFA 7**.~~

~~52. Asked to admit it is not a library that receives any form of State funding, the Western Montana Community Center admitted the request to the extent "library" means a public library under MCA § 22-1-301, and otherwise denied. **Ex. G, RFA 8**.~~

~~53. Asked to identify any State funding it has received since January 1, 2023, the Western Montana Community Center identified only "an annual report waiver fee," stating that "[t]he Secretary of State waived the annual report filing fee for corporations for 2024–2026" and that "[i]n 2023, the fee was $20." **Ex. G, Int. 10**.~~

54. A search of CARD alcoholic-beverage license records returned no on-premises beer, wine, or all-beverages license for the Western Montana Community Center. **Ex. B, ¶ 5**.

*Undisputed.*

55. A search of DPHHS records for retail food establishment licensing returned no current license for the Western Montana Community Center. **Ex. C, ¶ 7**.

*Undisputed.*

## IX. <u>Plaintiff Montana Book Company</u>

56. Montana Book Company admits it is not a nightclub. **MT Book Co. Resps. to Defs.' First Combined Disc. Reqs. RFA 1, Exhibit H**.

*Undisputed.*

57. Montana Book Company admits it is not a bar. **Ex. H, RFA 2**.

*Undisputed.*

58. Montana Book Company denies the request to admit that it is not a restaurant. **Ex. H, RFA 3**.

*Undisputed.*

59. Montana Book Company denies the requests to admit that it is not a commercial enterprise similar to a nightclub, similar to a bar, or similar to a restaurant. **Ex. H, RFAs 4–6**.

*Undisputed.*

~~60. Montana Book Company admits it is not a school that receives any form of State funding. **Ex. H, RFA 7**.~~

~~61. Montana Book Company admits it is not a library that receives any form of State funding. **Ex. H, RFA 8**.~~

~~62. Asked to identify any State funding it has received since January 1, 2023, Montana Book Company identified only "a business annual report fee waiver," stating that "[t]he Secretary of State waived the annual report filing fee for corporations for 2024–2026" and that "[i]n 2023, the fee was $20." **Ex. H, Int. 5**.~~

63. A search of CARD alcoholic-beverage license records returned no on-premises beer, wine, or all-beverages license for Montana Book Company. **Ex. B, ¶ 5**.

*Undisputed.*

64. A search of DPHHS records for retail food establishment licensing returned no current license for the Montana Book Company. **Ex. C, ¶ 7**.

*Undisputed.*

## X. Plaintiff The Roxy Theater

65. The Roxy Theater admits it is not a nightclub. **Roxy Resps. to Defs.' First Combined Disc. Reqs. RFA 1, Exhibit. I**.

*Undisputed.*

66. The Roxy Theater admits it is not a bar. **Ex. I, RFA 2**.

*Undisputed that the Roxy Theater admits it is not a bar as defined in the RFAs, which incorporated the definition of a "bar" found in Montana Code Annotated § 50-40-103(1). Disputed that the definition extends beyond the Montana Clean Indoor Air Act, §§ 50-40-101 et seq.*

67. The Roxy Theater denies the request to admit that it is not a restaurant. **Ex. I, RFA 3**.

*Undisputed.*

68. The Roxy Theater denies the requests to admit that it is not a commercial enterprise similar to a nightclub, similar to a bar, or similar to a restaurant. **Ex. I, RFAs 4–6**.

*Undisputed.*

69. The Roxy Theater admits that it does not receive at least 60% of its annual gross income from the sale of alcoholic beverages. **Ex. I, RFA 7**.

*Undisputed.*

~~70. Asked to identify any State funding it has received since January 1, 2023, the Roxy Theater stated that it "has received State Funding from the Montana Film Office, Montana Arts Council, and~~

~~Humanities Montana" and "also received State Funding in the form of a business license waiver fee," adding that "[t]he Secretary of State waived the annual report filing fee for corporations for 2024–2026" and that "[i]n 2023, the fee was $20." **Ex. I, Int. 8**.~~

71. CARD records identify The Roxy as holding license number 04-801-5164-323. **Ex. B, ¶ 6**.

*Undisputed.*

72. CARD lists that license as Doing Business As THE ROXY; License Type Non-Profit Arts; License Category On-Premises Beer/Wine; licensed premises 730 S. Higgins Ave., Missoula, MT 59801-2732; Owned By THE ROXY THEATER. **Ex. B, ¶ 6**.

*Undisputed.*

73. Those records do not identify a restaurant beer-and-wine license under MCA § 16-4-420. **Ex. B, ¶ 8**.

*Undisputed.*

74. The Roxy Theater holds 2026 retail food establishment license number RM316898 for the premises at 730 S. Higgins Avenue, Missoula, Montana. DPHHS classifies that license as Retail Food Medium (3–9 employees). The listed sub-types are "Retail Food Service Establishment"

and "Tavern or Bar." The license states: "NO OPEN TCS FOOD OTHER THAN POPCORN BUTTER." **Ex. C, ¶ 9**.

*Undisputed.*

75. On its website, The Roxy Theater states: "The Roxy serves delicious 'Triple Organic' popcorn — the corn, the oil, and the REAL butter used are non-GMO and 100% organic – and if that wasn't eco-friendly enough, it is served in a stainless steel bowl, so there's zero paper waste. The theater also offers a wide variety of wines and locally brewed craft beers." **Decl. of Deborah Bungay, ¶ 5, Ex. 4, Exhibit J**.

*Undisputed.*

76. Photographs published by The Roxy Theater on its Facebook page show a concession counter with a popcorn machine, a candy case, and a beverage cooler. **Ex. J ¶ 4, Ex. 3A–C**.

*Undisputed.*

## XI. <u>Plaintiff The Myrna Loy</u>

77. The Myrna Loy admits it is not a nightclub. **Myrna Loy Resps. to Defs.' First Combined Disc. Reqs. RFA 1, Exhibit K**.

*Undisputed.*

78. The Myrna Loy admits it is not a bar. **Ex. K, RFA 2**.

*Undisputed that the Myrna Loy admits it is not a bar as defined in the RFAs, which incorporated the definition of a "bar" found in Montana Code Annotated § 50-40-103(1). Disputed that the definition extends beyond the Montana Clean Indoor Air Act, §§ 50-40-101 et seq.*

79. The Myrna Loy denies the request to admit that it is not a restaurant. **Ex. K, RFA 3**.

*Undisputed.*

80. The Myrna Loy denies the requests to admit that it is not a commercial enterprise similar to a nightclub, similar to a bar, or similar to a restaurant. **Ex. K, RFAs 4–6**.

*Undisputed.*

81. The Myrna Loy admitted that it does not receive at least 60% of its annual gross income from the sale of alcoholic beverages. **Ex. K, RFA 7**.

*Undisputed.*

~~82. Asked to identify any State funding it has received since January 1, 2023, the Myrna Loy stated that it "has received State Funding from the Montana Arts Council" and "also received State~~

~~Funding in the form of a business annual report waiver fee," adding that "[t]he Secretary of State waived the annual report filing fee for corporations for 2024–2026" and that "[i]n 2023, the fee was $20." **Ex. K, Int. 8**.~~

83. CARD records identify The Myrna Loy as holding license number 05-601-3936-323. **Ex. B, ¶ 7**.

*Undisputed.*

84. CARD lists that license as Doing Business As THE MYRNA LOY; License Type Non-Profit Arts; License Category On-Premises Beer/Wine; licensed premises 15 N. Ewing St., Helena, MT 59601-4245; Owned By HELENA PRESENTS. **Ex. B, ¶ 7**.

*Undisputed.*

85. Those records do not identify a restaurant beer-and-wine license under MCA § 16-4-420. **Ex. B, ¶ 8**.

*Undisputed.*

86. Helena Presents / Myrna Loy Center holds a 2026 retail food establishment license number RS7604 for the premises at 15 N. Ewing Street, Helena, Montana. DPHHS classifies that license as Retail Food

Small (2 or fewer employees). The listed sub-type is "Retail Food Service Establishment." **Ex. C, ¶ 8**.

*Undisputed.*

87. The Myrna Loy's website states that its pub offers local beers, wine, kombucha, "hand-built charcuterie plates," and weekday happy hour with tap beer, wine, and free popcorn. Photographs on that page show a service counter with a popcorn machine and packaged snacks. **Ex. J, ¶ 2, Exs. 1A–C**.

*Undisputed.*

88. Visit Helena's website confirms the Myrna Loy's offerings: the "Pub features locally brewed beer, fine wine, local organic kombucha, high Omega-3 movie popcorn, snacks for your sweet tooth and hand-built charcuterie plates." **Ex. J, ¶ 3, Ex. 2**.

*Undisputed.*

## XII. Individual Plaintiffs

89. Adria Jawort is an individual. Jawort Decl., Dkt. 81-5.

*Undisputed.*

90. Rachel Corcoran is an individual and a licensed teacher in Montana. Corcoran Decl., Dkt. 81-10.

*Undisputed.*

**Additional Facts that Support Plaintiffs' Opposition**

91. The Myrna Loy houses a pub. Decl. of Benji Cosgrove, Doc. 81-6, ¶ 11.

92. The Roxy Theater sells beer and wine to attendees. Decl. of Sarah Ferguson, Doc. 81-13, ¶ 11.

93. The Myrna Loy and the Roxy Theater sell food to patrons to consume on-site. They are open to the general public, including minors. Decl. of Benji Cosgrove, Doc. 81-6, ¶¶ 9–10, 16, 20, 25; Decl. of Sarah Ferguson, Doc. 81-13, ¶¶ 21–22, 27.

94. The Myrna Loy and the Roxy Theater serve alcoholic beverages for on-premises consumption and are open in the evenings. Decl. of Benji Cosgrove, Doc. 81-6, ¶¶ 4–9, 11; Decl. of Sarah Ferguson, Doc. 81-13, ¶¶ 4, 11.

95. The Myrna Loy and the Roxy Theater sell entertainment, offer food and drinks, and are open at night. Decl. of Benji Cosgrove, Doc. 81-6, ¶¶ 4–7; Decl. of Sarah Ferguson, Doc. 81-13, ¶¶ 4–7.

96. The Western Montana LGBTQ+ Community Center hosts events across Western Montana, including an annual drag brunch. Decl. of Emily Rokosch, Doc. 81-8, ¶ 14.

97. The Great Falls LGBTQ+ Center hosts events throughout Great Falls. Decl. of Kelly Quick, Doc. 81-8, ¶ 6.

98. Montana Pride features events throughout Helena during Pride Week, including at small businesses. Decl. of Kevin Hamm, Doc. 81-8, ¶ 11.

99. The Imperial Sovereign Court of the State of Montana ("Imperial Court") produces drag shows at venues across the State, including bars and comedy clubs. Decl. of Raymi Samson, Doc. 81-12, ¶ 17; Ex. A, Oct. 29, 2026 Second Decl. of Raymi Samson ¶¶ 4–6.

100. The Imperial Court hosts all-ages events at bars and restaurants when appropriate. For example, the Imperial Court has hosted several Drag Story Hours at Steep Mountain Tea House in Bozeman. Ex. A, Oct. 29, 2026 Decl. of Raymi Samson, ¶ 7.

101. After HB 359's effective date, the Imperial Court had multiple events cancelled or modified due to fear of HB 359's enforcement. Decl. of Raymi Samson, Doc. 81-12, ¶¶ 17–27.

DATED this 30th day of October, 2026.

*/s/ Constance Van Kley*
Constance Van Kley
VAN KLEY LAW PLLC

Rylee Sommers-Flanagan
Molly E. Danahy
Caitlin Cocilova
UPPER SEVEN LAW

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed in CM/ECF on October 30, 2026, and served upon all registered users.

/s/ *Constance Van Kley*